## CHANDLER v. McPHERSON, ET AL.

1. In an action for a malicious prosecution, in procuring the plaintiff to be indicted, &c. the defendant may repel the imputation of having prompted the prosecution, by proof that the persons who appeared as prosecutors before the grand jury, first took the advice of a lawyer upon the facts, and were informed by him that the indictment could be sustained.

2. Although the defendant in an action for a malicious prosecution may not be able to show a probable cause for prosecuting the plaintiff, or the plaintiff may prove a state of facts from which the want of it is inferable, yet if the defendant acted under an honest belief that the plaintiff was guilty of the offence for which he was charged, no recovery can be had against him.

Writ of Error to the Circuit Court of Randolph.

THIS was an action at the suit of the plaintiff in error, to recover damages of the defendants for maliciously, and without any reasonable and probable cause, procuring the plaintiff to be indicted for a felony, &c. The cause was tried on the

plea of "not guilty," with leave to give any special matter in evidence, which might be pleaded in bar—a verdict was returned for the defendants, and thereupon judgment was rendered.

The plaintiff excepted to the ruling of the court. It appears from the bill of exceptions, that the plaintiff introduced evidence tending to show that the defendants procured one F. Formby, (a female of bad character,) and her husband to appear before the grand jury of Randolph, and indict and prosecute the plaintiff as charged in his declaration. Thereupon the defendants proposed to show by an attorney and counsellor at law, that Mrs. Formby, previous to the finding of the indictment, stated to him certain facts, tending to implicate the plaintiff as therein charged ; that the attorney, &c., on hearing her statement advised her that she could sustain a prosecution. The defendants were not present, and did not hear this conversation and advice. To the admission of this evidence the plaintiff objected, but his objection was overruled, and the same was permitted to go to the jury.

The court charged the jury, if they were satisfied from the evidence, that the defendants in procuring the plaintiff to be prosecuted on the charge expressed in the declaration, were not influenced by malice, but acted under an honest belief that the plaintiff was concerned in the act for which he was prosecuted, then they could not find against them, although there was no probable cause for the prosecution.

S. F. RICE, for the plaintiff in error, made the following points.   1. The true question in actions for malicious prosecutions, is not whether the defendant had *probable cause to believe* the plaintiff guilty, but whether there existed a probable cause for the prosecution, no matter whether the defendant knew of its existence or not.   [Hickman v. Griffin, 6 Missouri R. 38 ; Mowry v. Miller, 3 Leigh's R. 565 ; Alexander v. Hutchinson, 9 Ala. R. 825 ; Horton v. Smelser, 5 Blackf. R. 428.]

2. The charge given, if not clearly erroneous, could not fail to mislead the jury, by making *the belief of defendants*

as to plaintiff's guilt, a prominent matter in their inquiries. [Sims v. Sims, 8 Porter's Rep. 449; Toulmin v. Lessesne, et al. 2 Ala. R. 359; Merriam v. Mitchell, 13 Maine R. 439; Sugg v. Pool, 2 S. & P. 196.]

3. Malice may be actual, or *merely implied*; recklessness, or a want of due regard to the rights or feelings of others, is enough. And the jury have the right to infer malice from the want of probable cause. The *intent* of the defendant is a question for the jury alone. [Costillo & Keho v. Thompson, 9 Ala. Rep. 937; Merriam v. Mitchell, *supra;* Sugg v. Pool, *supra.*]

4. The evidence of the witness, Hudson, was irrelevant; mere hearsay is *res inter alios acta;* every way illegal; having no connection with either party to this suit, and shedding no light upon the true question in the cause, viz: whether there existed a probable cause for the prosecution. [5 Blackf. 428, above cited.]

L. E. PARSONS, for the defendant in error. 1. The fact that an attorney at law had advised the witness she could sustain a prosecution for the burning of the mills, after hearing her statement, was properly permitted to go in evidence; for it tended to rebut the idea, that in going before the grand jury she was instigated by the defendants.

2. But admitting she acted at their instance, it was still proper to show that she was acting under legal advice. [Turner v. Walker, 3 Gill & J. 377; Blunt v. Little, 3 Mason, 102; Stone v. Swift, 4 Pick. 389.]

3. The charge of the court is unexceptionable; for both malice and want of probable cause are necessary to sustain this action. [Kelton v. Bevins, Cooke's R. 90; Caudler v. Petit, 2 Hall, 315; Murry v. Long, 1 Wend. 140; Bell v. Ursury, 4 Litt. 334; 2 Dana, 425; 1 Wend. 345; 7 Cow. 715.] It is admitted that malice may be inferred from want of probable cause, [Kirksey v. Jones, 7 Ala. R. 622,] but the want of probable cause cannot be inferred from the most express malice. [Murray v. Long, 1 Wend. 140; Ib. 345.] And the defendants could not be required to prove a probable cause, until the plaintiff had *proved express malice.*—[Frowman v. Smith, Litt. Sel. Cas. 7.]

COLLIER, C. J.—It is said that two things are essential to the maintenance of the action for a *malicious prosecution*, and must always concur, viz: *malice* and *want of probable cause;* for if there be no *malice*, though there be no *probable cause*, yet no action lies.   If there was *no malice* and no *probable cause*, the defendant was merely mistaken in causing the prosecution to be instituted.   [2 Dane's Ab. 723, 724, 728, and cases there cited; 2 Saund on Plead. & Ev. 654, 659, 662.]

In Lindsey v. Larned, 17 Mass. Rep. 190, the court said, that malice is a necessary ingredient in an action of this nature.    There none was imputable to the defendant—but being anxious to recover a debt, he took those measures, and those only, which under the best advice he found adapted to that purpose, without any apparent desire to vex and harrass his debtor, although the proceeding may have had that effect.   [See also, 4 Mass. Rep. 433; 2 Munf. R. 23; 1 Hals. Rep. 166; 3 Hawk. R. 545.]   So it has been held, if a man prosecute another for *real guilt*, no matter how malicious his motive may be, he is not liable in an action for malicious prosecution; nor is he liable if he prosecute him for *apparent guilt*, arising from circumstances which he honestly believes.   [3 Hawk's Rep. 66; see also, 2 Dev. & Bat R. 360; 12 Pick. R. 324; 9 East R. 361; Meigs' R. 84.]

It is an acknowledged rule that malice may be inferred from the *want of probable cause*, but the want of probable cause cannot be inferred from the most express malice.   [1 Wend. Rep. 140, 345; Cro. Jac. Rep. 133; 1 B. & P. Rep. 205; Dane's Ab. 724; 2 Starkie's Ev. 911 to 916, and citations in notes.]

In Blunt v. Little, 3 Mason's Rep. 102, Mr. Justice Story said, "it is certainly going a great way to admit the evidence of any counsel, that he advised a suit upon deliberate examination of the facts, for the purpose of repelling the imputation of malice, and establishing probable cause.   My opinion however is, that such evidence is admissible, although it is sometimes open to the objection stated in Hewlett v. Cruchley, 5 Taunt. R. 277.]   But it appears to me, that a necessary qualification of the admission is, that it should appear in proof that the opinion of counsel is fairly asked, upon the real

facts, and not upon statements which conceal the truth, or misrepresent the cause of action. [See also, Turner v. Walker, 3 G. & Johns. Rep. 377; Ravenga v. McIntosh, 2 B. & C. Rep. 693; Stone v. Swift, 4 Mass. Rep. 389.] In the case last cited, it appeared upon the trial, that the defendant had consulted counsel : and the court said, it appears that the defendant had acted upon advice of counsel. If he did not withhold any information from his counsel, with the intent to procure an opinion that might operate to *shelter* and protect him against a suit, but on the contrary, if he being doubtful of his legal rights, consulted learned counsel with a view to ascertain them, and afterwards pursued the course pointed out by his legal adviser, he is not liable to this action, notwithstanding his counsel may have mistaken the law. So it has been held, that the representations made to the defendant by third persons, as to the plaintiff's guilt, are admissible for the defendant, as showing a probable cause, though such representations prove unfounded. [4 Verm. R. 363; see also, 2 Munf. R. 23; 1 Hals. R. 166; Buller's N. P. 14; Cro. Jac. R. 194; 6 Bing. R. 183.]

The case of Merriam v. Mitchell, 13 Maine R. 439, we understand, decides that the assurance of the defendant of the guilt of the plaintiff, however strong it may have been, if founded upon his own error, or mistake in point of fact, or proceeded from his own negligence in acquiring information, cannot be regarded as probable cause to justify a prosecution against an innocent and unoffending man, who had given no color for suspicion against him. Hickman v. Griffin, 6 Miss. Rep. 37, goes quite beyond any other which our industry has enabled us to find. There the court say the real point of inquiry is, whether there was probable cause to believe the plaintiff guilty, or whether he had probable cause to institute the prosecution, not whether he believed he was guilty. See further, 1 Stew. Rep. 39; 2 Stew. & P. Rep. 151, as to the necessity of malice on the part of the defendant to entitle the plaintiff to recover.

In Seibert v. Price, 5 Serg. & W. Rep. 438, it was said, in

an action for a malicious prosecution, the question of probable cause should be submitted to the jury, not upon the fact of the guilt or innocence of the plaintiff, but upon the defendant's belief of his guilt or innocence. [See also Swaim v. Stafford, 4 Ired. L. R. 392.]

Having stated the legal principles which are necessary to guide us to a conclusion, we will now address ourselves specially to the ruling of the circuit court as drawn in question by the bill of exceptions. We think the testimony of the legal adviser of Mrs. Formby was admissible, not for the purpose of relieving the defendants from the imputation of malice, for there is no evidence to show that they were cognizant of this advice; but the testimony might have been considered by the jury, upon an inquiry whether Mrs. F. was influenced by the counsel of the attorney, or the prompting of the defendants. It may be that the defendants first instigated the prosecution, yet the prosecutor may have availed herself of the *locus penitentiae*, and would not have become an actor but for the professional advice she received. If this hypothesis be well founded, then the defendants cannot, with any propriety, be said to have *caused* or *procured* the prosecution of the plaintiff, although they may have urged it; and no recovery could be had against them, even if the proof of malice, and want of probable cause were satisfactorily established.

The only cases that have come under our notice, which seem opposed to the charge to the jury, are those cited by the counsel for the plaintiff in error, from 13th Maine and 6th Missouri Reports. The former seems to consider that an error or mistake resulting from *crassa negligentia* either warrants the implication of malice, or is in law a substitute for it. However this may be, we will not stop to inquire, as there are no facts recited in the bill of exceptions to show that the same question was presented in the present case. As for the latter decision, it stands "solitary and alone," unsupported by any citation in the opinion in which it is found,

116

and contradicted by many of the cases we have referred to. It may be safely affirmed as a general rule, that although the defendant in an action for malicious prosecution may not be able to show a probable cause for prosecuting the plaintiff, or the plaintiff may prove a state of facts from which the want of it is inferable, yet if the defendant acted under an honest belief that the plaintiff was guilty of the offence for which he was charged, no recovery can be had against him. This conclusion is so clearly sustained by the authorities cited, that further argument is not necessary to illustrate it. The ruling of the circuit court is in accordance with the views we have expressed, and its judgment is consequently affirmed.