## LEAIRD vs. DAVIS.

1. It is a complete defence to an action for a malicious prosecution, that the defendant instituted it in good faith, under the advice of counsel, given upon a full and fair disclosure of the facts.

Error to the Circuit Court of Barbour. Tried before the Hon. Sam'l Chapman.

COCHRAN & SAYRE, for the plaintiff in error.

BUFORD, for the defendant.

CHILTON, J.—The defendant in error, who was the plaintiff below, brought his action of trespass on the case against

Leaird for a malicious prosecution. Pleas, not guilty, and probable cause. Judgment on verdict against plaintiff in error for seventy-five dollars.

Upon the trial in the court below the defendant in that court proved that he had detailed to a lawyer all the facts applicable to the prosecution which he afterwards set on foot, and for which this suit was brought, and that the attorney gave him advice, upon said state of facts, that the plaintiff below had been guilty of negro-stealing, and further advised said defendant to sue out a warrant against said plaintiff for said offence; and that he, the defendant, acted upon said advice, and sued out the warrant. Upon this state of the facts the Circuit Judge instructed the jury "that though the defendant may have acted in good faith upon the advice of said lawyer, that this afforded the defendant no complete or full justification, but could be considered by the jury in mitigation of damages." This charge, being excepted to, is assigned here for error.

The law is well settled, that to enable the plaintiff to maintain this action, two things must concur: 1. There must have been a want of probable cause. 2. The prosecution and consequent arrest must have been malicious. To constitute malice, it is not necessary that the party should have been influenced by base passions, such as revenge or gross malignity. It is sufficient that he recklessly or wantonly set on foot the prosecution, with the knowledge or belief that he had no sufficient ground therefor.—Blount v. Little, 3 Mason, 102-4; Chandler v. McPherson, 11 Ala. Rep. 916. In the case last above cited, it is said, "If there was no *malice*, though there be no probable cause, yet no action lies."—Citing 2 Danes' Abr. 723-24-28; 2 Saund. Pl. & Ev. 654-9-662. The charge in that case was in substance that if the jury should be satisfied from the proof that the defendant in procuring the plaintiff to be prosecuted, &c., acted under the honest belief that he was concerned in the commission of the offence with which he was charged, then they should find for the defendant although there was no probable cause for the prosecution, and this charge was affirmed as a correct proposition of law.

It is the policy of the law, as I conceive, that persons should not be held accountable who in good faith and with an honest belief of the defendant's guilt, should set on foot a prosecution.

Were it otherwise offenders would shelter themselves behind the perils, which their arrest would entail upon the prosecutor, and perhaps few persons would be found to aid in preserving the public peace and security, and in vindicating the law which furnished them no protection. On the other hand, the law will not minister to the gratification of private malice or revenge, and in the absence of probable cause requires the prosecutor to show that he acted in *good faith*, which implies the absence of malice. So it has frequently been held the defendant may rebut the presumption of malice, arising from the want of probable cause, by proof of his having first obtained the advice and opinion of counsel in respect to the plaintiff's liability to the prosecution, and of his action under that advice, *bona fide*, having in obtaining it presented the facts and circumstances fairly and truly before the counsel. See cases cited above.—1 B. & P. 388; 2 ib. 129; 3 G. & Johns. 377; 2 B. & C. 693; 4 Mass. 389.

Tested by the principles above referred to, it is very clear the charge given by the court below cannot be supported. The defendant below fairly laid the facts before counsel, who advised him that the plaintiff was guilty under the facts of a violation of the criminal laws of the country—such a violation as becomes the duty of every good citizen to see duly investigated and the offender, if guilty, brought to condign punishment. He acted in *good faith*, that is, as we understand the court, *without malice*, in instituting the prosecution upon such advice. We feel no hesitation in saying that, according to the most approved authorities this amounts to a full and complete defence to the action, inasmuch as the charge assumes that one essential element, *malice*, is wanting, without which it would seem a solecism to say there could be a *malicious* prosecution.

Let the judgment be reversed and the cause remanded.