## EBER BARTLETT *v.* HENRY BROWN.

One who had taken the growing fruit of another without leave, was prosecuted therefor on a criminal complaint, which charged, that he "feloniously did steal, take, and carry away cultivated fruit, to wit, ripened cherries, being and growing upon the land and possessions of the complainant, &c.," which complaint was quashed. *Held,* that an action for malicious prosecution could not be maintained by the accused, though the accusation were maliciously made; the complaint being, not for theft, but substantially for trespass, under ch. 214, § 20, of the Revised Statutes, with words of harsh surplusage, and it having been proved that the plaintiff committed the trespass.

Where, in such case, the prosecutor, a laboring man, truly stated his cause of complaint to a counsellor at law for his advice and direction, and pursuing that advice, signed and swore to a complaint, as aforesaid, prepared for him by the counsellor under a misrecollection of the statute, the misnomer of the offence in the complaint will not support an action for malicious prosecution, even in case of the most express malice in prosecuting; inasmuch as there was probable cause for the prosecution, in the form in which it was made.

CASE for malicious prosecution; the declaration alleging, that the defendant maliciously and without probable cause, on the first day of July, 1853, complained to Spencer Mowry, Esq., one of the justices of the peace of the county of Providence, against the plaintiff, that the plaintiff feloniously did steal, take, and carry away cultivated fruit, to wit, ripened cherries, being and growing upon the land and possessions of the plaintiff, said fruit and cherries being the property of the defendant, and caused the plaintiff to be arrested, and to give recognizance with surety, for his appearance before said justice on the 9th day of July, 1853, on which day the complaint was abated, and the plaintiff discharged, &c. Plea, the general issue.

At the trial before the court, to whom the case was submitted in law and fact, the plaintiff proved, that on the first day of July, 1853, the defendant preferred a complaint against him, under oath, to Spencer Mowry, Esq., one of the justices assigned to keep the peace within the county of Providence, in which it was charged, that the defendant, "feloniously did steal, take, and carry away cultivated fruit, to wit, ripened cherries, being and growing upon the land and possessions of the complainant, said fruit and cherries being the property of the said complainant," and, on the same day, procured him to be arrested, and

brought before the magistrate, upon the warrant issued upon said complaint; that, upon the plaintiff's recognizing for his future appearance, with surety, the hearing of the complaint was, upon the plaintiff's request, adjourned until the 9th day of July, 1853, when the magistrate quashed the proceeding because the complaint did not allege, in the language of ch. 214, § 20, of the Revised Statutes, that the fruit was taken and carried away " without the consent of the owner thereof." The plaintiff also produced proof tending to show, that the defendant was induced to prefer the complaint by certain persons in the village of Woonsocket, who had been prosecuted for the illegal sale of strong liquors, and against whom the plaintiff was a witness, with the view, by a conviction of the plaintiff for theft, to disqualify him as a witness in such prosecutions.

The defendant, besides producing proof tending to exculpate him from the above charge of special malice, called witnesses, whose testimony strongly tended to prove, that the plaintiff had, whilst passing by the defendant's house on his way to his work, at several times, picked cherries from the cherry-trees of the defendant, which overhung the highway or street. He also proved that, having ascertained this fact, he laid his case before a regular practising attorney in Woonsocket, who took such steps as he deemed advisable, and drew the complaint in question, as that appropriate to the case.

*Ballou,* with whom was *Payne,* for the plaintiff:—

A defect in the complaint, though the plaintiff were acquitted in consequence of it, would not prevent him from maintaining an action for malicious prosecution. *Wicks* v. *Fentham & another,* 4 T. R. 247; *Jones* v. *Gwynn,* 10 Mod. 214, 216.

*Robinson,* for the defendant, cited *Reg.* v. *Turweston,* 1 Eng. L. & Eq. 317; *Commonwealth* v. *Pray,* 13 Pick. 359; *Commonwealth* v. *Squires,* 1 Met. 256.

AMES, C. J. The action for malicious prosecution supposes not only the plaintiff's innocence of the charge upon which he has been prosecuted, but want of probable cause of his guilt. The grounds of it are, " on the plaintiff's side, innocence, and on the defendant's, malice ; " per Parker, C. J., *Jones* v. *Gwynn,* 10 Mod. 217 ; and if there be *real* guilt, or *apparent* guilt believed

by the prosecutor to be real, the most express malice in prosecuting will not support the action. *Johnstone* v. *Sutton,* (in Error,) 1 T. R. 544.

In the case before us, it seems, that the defendant procured the arrest of the plaintiff, upon the charge, that he feloniously stole, took, and carried away cultivated fruit, to wit, ripened cherries, the property of, and growing upon, the lands of the defendant; which, inasmuch as theft cannot be committed of such a subject, is not a defective charge of theft, but a harsh mode of charging our statute offence of taking growing fruit without license of the owner. If the defendant had spoken such words of the plaintiff, proof of them would not have supported an action by the latter for a slanderous accusation of theft, but would be deemed to amount to a charge of trespass only; and, whether written or spoken, the legal construction of them must be the same.

Had this substantial charge been false, as well as malicious, it would, on account of the vexation and expense caused by it, have supported an action for malicious prosecution. We are satisfied, however, from the proof, that the plaintiff did, on more than one occasion, pick cherries from the trees of the defendant, as he passed under them along the street, without his leave. The complaint, therefore, though containing words of harsh surplusage, was substantially true, and, upon this ground, the defendant is entitled to judgment.

But if this were otherwise, there is another ground, upon which, as it seems to us, the defence to this action is full. We are satisfied from the proof, that the defendant fully and fairly submitted his cause of complaint against the plaintiff to a counsellor of this court, residing in Woonsocket, for his professional advice and aid; that under his direction the complaint was made; and that, the complaint being filled in with his own hand, its objectionable form was caused by his misrecollection of the statute concerning the taking of growing fruit, or, at any rate, without fault or neglect on the part of the defendant. There is no evidence which leads us to suspect, that the defendant, a laboring man, doubted, or had cause to doubt, the soundness of the legal advice given to him, or suspected even

when he signed and swore to the complaint prepared for him by a professional man, that there was a misnomer of the offence therein charged. To the defendant, then, it was a case of apparent guilt of theft, believed by him to be real; and this, according to the resolution of the judges, reported to the House of Lords by Lords Mansfield and Loughborough in the case of *Johnstone* v. *Sutton,* before cited, will not support an action for malicious prosecution, even though the most express malice be proved in the prosecutor. In other words, though there be malice, there is probable cause ; and the former must concur with the want of the latter, to the maintenance of the action.

Although there has been some question how far the advice of counsel can shield a defendant in an action of this sort, yet the weight of authority, and, as it seems to us, the more reasonable opinion is, that if the defendant is not in fault, but has been wrongly advised as to his rights, upon a state of facts fully and fairly presented by him to a professional man whose candor and skill he had no reason to doubt, the advice will be a sufficient protection for him. *Hewlett* v. *Cruchley,* 5 Taunt. 277 ; *Snow* v. *Allen,* 1 Starkie, 409; *Ravenga* v. *Mackintosh,* 2 B. & C. 693 ; *Blunt* v. *Little,* 3 Mason, R. 102 ; *Stone* v. *Swift,* 4 Pick. 393 ; *Tompson* v. *Mussey,* 3 Greenl. 310 ; *Stevens* v. *Fassett,* 27 Maine, (14 Shepl.) 266 ; *Hall* v. *Suydam,* 6 Barb. Sup. Ct. R. 83 ; *Waller* v. *Sample,* 25 Penn. State R. (1 Casey) 275 ; *Kendrick* v. *Cypert,* 10 Humph. 291 ; *Chandler* v. *McPherson,* 11 Ala. 916 ; *Williams* v. *Vanmeter,* 8 Mis. 239 ; contra, *Clements* v. *Ohrly,* 2 Car. & Kirw. 686, 689, per Lord Denman.

For these reasons, our judgment must be for the defendant.