# McLeod *v.* McLeod.

*Action for Malicious Prosecution.*

1.  *Pleading and practice; when one co-plaintiff not entitled to recover, none can.*—Where several parties sue jointly as plaintiffs, all must be entitled to recover or none can be permitted to do so; and hence, if any one of them is incompetent to sue, or the evidence sustains the action only as to one or more, and not as to the others, all must fail.

2.  *Same; right of action for malicious prosecution several and not joint.* For malicious prosecution, the right of action is several and not joint; and hence, where three parties join as co-plaintiffs in such action, there is a misjoinder of parties plaintiff.

3.  *Malicious prosecution; malice and absence of probable cause must be shown.*—It is well settled that an action for malicious prosecution will not lie, unless it be shown by the plaintiff, that he was prosecuted through the agency of the defendant, not only maliciously, but also without probable cause; neither of these elements alone will do, but both must concur to make the defendant liable.

4.  *Same; advice of counsel, when admissible in defense.*—Where a defendant in such action made a full and fair statement of all the facts in the case to, and obtained the advice of counsel, before commencing the prosecution on which the action is founded, and he acted honestly on the advice in instituting the prosecution, this will furnish a complete defense to the whole action, and is not limited merely to a mitigation of damages.

5.  *Same.*—Where the defendant in such action testified that " he had made a full and fair statement of all the facts to his attorney," before the prosecution was commenced, and the evidence showed what facts he did state to his attorney, whether the statement made by the defendant to his attorney was a full and fair statement of all the facts, is a question the jury must determine from the evidence before them, the testimony of the defendant to that effect being a mere matter of opinion, and insufficient.

6.  *Trespass after warning; what acts not covered by the statute.*—Where a party is in the actual possession of land, either adverse or permissive, Vol. LXXIII.

[McLeod v. McLeod.]

a prosecution under the statute for trespass after warning (Code, 1876, § 4419) can not be founded on a continuation of his occupancy of the land after he has been warned by the true owner.

7. *Malicious prosecution; when advice of counsel a defense in the absence of probable cause.*—Although such a state of facts would not constitute probable cause for a prosecution for trespass after warning, yet, if the facts were fairly and truthfully stated to counsel, and the advice to prosecute was honestly followed, this would be competent, in an action for malicious prosecution, to relieve the presumption of malice arising from a want of probable cause.

APPEAL from Crenshaw Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

Margaret, Mack and Alexander McLeod brought this action against Hugh McLeod, to recover damages for an alleged malicious prosecution of the plaintiffs by defendant for the offense of trespass after warning; and the cause was tried on issue joined on the plea of not guilty, the trial resulting in a verdict and judgment for the plaintiffs. The evidence introduced on the trial tended to show that Margaret McLeod, the mother of the other two plaintiffs, and the defendant were the owners of two adjoining tracts of land, and that a question having arisen touching the true boundary line between these tracts, the county surveyor located the same by a survey, and ascertained that Mrs. McLeod was in possession of a small strip of the tract belonging to the defendant; that she and her two sons had cultivated said strip prior to the survey, and continued to do so thereafter, and after they had been warned not to trespass thereon by the defendant; that thereupon the defendant caused a warrant of arrest to be issued by the judge of the county court, charging the plaintiffs with trespass after warning, under which they were arrested; and that afterwards a *nolle prosequi* was entered, and the plaintiffs discharged.

The defendant was examined as a witness in his own behalf, and testified, in substance, among other things, that before he commenced the prosecution against the plaintiffs, he put a notice on the land warning the plaintiffs not to trespass thereon, but that they continued to cultivate it; that he then advised with a practising attorney, whose name is given, "and made a full and fair statement of all the facts and circumstances of the alleged trespass on said land and of his titles;" that said attorney wrote out and delivered to him a written notice to be given to the plaintiffs, warning them not to trespass on said land, and the attorney told him that, if the plaintiffs did not desist from going on said land after service of said notice, he should commence a criminal prosecution against them; that he caused said notice to be given to the plaintiffs; and that he had no malice against them. The bill of exceptions also recites that he stated in his testimony "what facts and circumstances he detailed to

[McLeod v. McLeod.]

his counsel," said attorney. He further testified that after the service of said notice, he saw Alex. McLeod, one of the plaintiffs, carrying lightwood off his land. There was also evidence on the part of the plaintiffs tending to show that, prior to the commencement of said prosecution, the defendant entertained unkind feelings towards them.

The court charged the jury, *ex mero motu*, among other things, "that the fact, if it be a fact, shown by the evidence, that defendant stated that he made a full and fair statement of all the facts to his attorney, was not sufficient, but that they must look to the statement of facts which he stated he disclosed to his attorney, and not to his statement, that it was a full and fair statement, and that they must judge for themselves, whether the defendant did make a full and fair statment of all the facts to his attorney; and if they should believe that he did not make a full and fair statement of all the facts to his attorney, then, although he did act under the advice of his attorney, such advice is of no avail to him." To this charge the defendant excepted, and also to the refusal of the court to give the following charge requested by him in writing: "That if they believe from the evidence, that one of the plaintiffs, Alex. McLeod, did actually commit a trespass on the lands of the defendant after the notice given him, and before the beginning of the prosecution in the county court, he can not recover in this action; and this being a joint suit by all the plaintiffs, if one of them can not recover, none can recover."

The defendant also reserved exceptions to the following charges given at the plaintiffs' request: (1) "The fact that the defendant sought the advice of counsel will not avail him anything in this action, unless he made a full and fair disclosure of all the facts; and the jury must look to what the evidence shows was stated, and not to the defendant's declaration, that he made a full and fair disclosure of the facts, if he in fact made any such declaration." (2) "If the jury should find from the evidence, that the prosecution against plaintiffs was commenced on account of the strip of land, and the evidence shows that the plaintiffs were in the possession of that land, claiming it as their own, at the time the notice was given, then there was not probable cause for believing that they were guilty of the charge of trespass after warning."

The several rulings above noted are here assigned as error.

JOHN GAMBLE, for appellant. (1) Alex. McLeod was not entitled to recover, and, therefore, none can recover.—1 Chitty on Plead. p. 66, and note 5; *Strickland v. Burns*, 14 Ala. 511; *Jones v. Reese*, 65 Ala. 134. (2) The defendant had the right to rebut the presumption of malice arising from the want of

[McLeod v. McLeod.]

probable cause, by showing that, before the commencement of the prosecution, he fairly and truly stated the facts to counsel, and honestly acted under counsel's advice in instituting the prosecution.—*Leaird v. Davis*, 17 Ala. 27; *McPherson v. Chandler*, 11 Ala. 916.

Name of appellee's counsel not disclosed by the record.

SOMERVILLE, J.—Where several parties sue jointly as plaintiffs, it is a plain principle that *all* must be entitled to recover in the action, or none can be permitted to do so. If any one of the several plaintiffs is incompetent to sue, or the evidence sustains the action only as to one or more, and not as to the others, the whole action must fail. The only remedy of the parties plaintiff in such case is to amend the complaint by striking out the names of such as have no cause of action. *Hardeman v. Sims*, 3 Ala. 747; *Cochran v. Cunningham*, 16 Ala. 448; *Walker v. Fenner*, 28 Ala. 367; *Hutton v. Williams*, 60 Ala. 107; 1 Chit. on Pl. 54; Waterman on Tresp. § 986; Code, 1876, § 3156. The ruling of the court below holding otherwise, was erroneous.

The rule is, furthermore, an elementary one, that where there is no community of interest, parties can not join as co-plaintiffs in any action. In all actions for injuries to the person, as assault, false imprisonment, malicious prosecution, and the like, each person injured must sue separately for the wrong or tort which he has sustained or suffered. The tort done the one is not the same as the tort done the other, but is several and distinct. The right of action, in all such cases, must, of necessity, be *several*, and *not joint*.—Diecy on Parties, 401, [381]; *Coryton v. Lithebye*, 2 Wms. Saund. 117 *a*; 2 Brick. Dig. 338, § 128. The present being an action for malicious prosecution, instituted against the defendant by *three* co-plaintiffs suing jointly, there was a clear misjoinder of parties plaintiff.

It may be now considered as well settled, that an action for malicious prosecution will not lie, unless it be shown by the plaintiff, among other things, that he was prosecuted through the agency of the defendant, not only *maliciously*, but also *without probable cause*. Neither of these elements alone will do, but both must concur to make the defendant liable.—2 Greenl. on Ev. § 453. *Probable cause*, in this connection, is defined by Mr. Greenleaf to be "such conduct on the part of the accused as may induce the court to infer that the prosecution was undertaken from public motives."—2 Greenl. on Ev. § 454. It has been said by a learned judge to be "such a state of facts, in the mind of the prosecutor, as would lead a man of ordinary caution and prudence to *believe*, or entertain an *honest and*

[McLeod v. McLeod.]

*strong suspicion,* that the person arrested is guilty."—*Per* SHAW, C. J., in *Bacon v. Towne,* 4 Cush. 238; *Barron v. Mason,* 31 Vt. 189. And the grounds of belief must be such as "would influence the mind of a reasonable person," nothing less than this being sufficient to justify a serious and formal charge against another.—Cooley on Torts, 182. It matters not how causeless in fact may have been the prosecution, if the defendant acted in *good faith* and *without malice* in preferring the charge, this is a full defense to the action. Hence, it has often been held, and is the established doctrine of this court, that a defendant in an action for malicious prosecution "may *rebut the presumption of malice, arising from the want of probable cause,* by proof of his having first obtained the *advice and opinion of counsel* in respect to the plaintiff's liability to the prosecution, and of his action under that advice."—*Leaird v. Davis,* 17 Ala. 27, 29. Mr. Greenleaf seems to base the relevancy of evidence as to the advice of counsel upon the idea that it goes to *establish the fact of probable cause,* rather than to rebut the inference of malice arising from the absence of such cause; but whichever view be correct, it is now generally agreed that if a full and fair statement of all the facts be made to learned legal counsel, and the defendant has honestly acted on such advice, this furnishes a complete defense to the whole action, and is not limited to a mitigation of damages merely. *Leaird v. Davis,* 17 Ala. 27; *McPherson v. Chandler,* 11 Ala. 916; Cooley on Torts, 183–184; 2 Greenl. on Ev. § 459; *Walter v. Sample,* 25 Penn. St. 275. Of course the advice of counsel obtained *mala fide* will avail nothing, when it is resorted to as a mere shelter to cover up a previously fixed determination to make the arrest in question, (*Ross v. Junis,* 26 Ill. 259); nor would it be competent to rebut the existence of actual or *express* malice.—2 Greenl. on Ev. § 459; *Stevens v. Fassett,* 14 Shepl. 266.

The evidence in this case showed that the defendant, before he procured the arrest of the plaintiffs, acted under legal advice, and that he laid before his adviser *certain facts which are in proof.* The defendant testified that "he had made a *full and fair statement* of all the facts to his attorney." The court properly charged the jury that the advice was admissible, but that they must judge for themselves whether the statement was full and fair, the allegation of the defendant to that effect not being sufficient. It was mere matter of opinion, and nothing more. The facts of the case and those laid before the attorney were all in evidence, and the comparison was one for the jury, and not for the witness.

The prosecution upon which the present action for damages is based, was one for trespass after warning, under section 4419

of the Code of 1876. As was said in *Watson v. The State*, 63 Ala. 19, 23, this "statute is intended for the protection of the *possession* of real estate against the entry of intruders or trespassers; and it can not be made to serve all the purposes of an action of trespass *quare clausum fregit*, nor converted into an action of ejectment, in which the title and right of possession may be determined." If the plaintiffs, therefore, were in actual possession of any portion of the land, claiming title thereto, either adverse or permissive, as against the appellant, they could not be lawfully prosecuted for continuing their occupancy after a warning not to do so. The statute does not cover cases of this character. And while it is true that such a case would not constitute probable cause for a prosecution under the above statute (§ 4419, Code), yet, if the facts were fairly and truthfully stated to counsel, and the advice to prosecute was honestly followed, the evidence touching these points, as we have above shown, would be competent to rebut the presumption of *malice* arising from a want of probable cause. And the court, in effect. so charged the jury.

For the error, however, first above considered, the judgment must be reversed and the cause remanded.