# Steed *v.* Knowles.

*Action for Malicious Prosecution.*

1. *Mortgage of wife's property.*—As to property belonging to the equitable estate of a married woman, she is regarded as a *femme sole*, and may mortgage it for her own debt, or for the debt of her husband ; but a mortgage of property belonging to her statutory estate, executed by her and her husband jointly, to secure her own debt or her husband's, is absolutely void, and creates no lien on the property,

2. *Presumption as to character of wife's estate.*—In this State, property belonging to a married woman is presumed, in the absence of averment and proof to the contrary, to constitute a part of her statutory estate ; and no presumption that it is an equitable estate will be indulged against the husband, when he is the plaintiff in the action, although his right of action depends on the estate being statutory.

3. *Mortgage of mill property and machinery ; destruction by fire, and lien on remaining machinery.*—Under a mortgage of a half interest in certain mill property and machinery, which is afterwards destroyed by fire, though the remaining machinery is thereby dissevered from the freehold, and converted into personal chattels, the lien of the mortgage on it is not discharged or impaired.

4. *Malicious prosecution ; when action lies.*—To sustain an action for a malicious prosecution, the prosecution must have been instituted, not only maliciously, but without probable cause ; though the party was acquitted, it does not necessarily follow that the prosecution was malicious, nor that it was instituted without probable cause ; and while malice may be inferred from the want of probable cause, the want of probable cause can not be implied from malice the most express.

5. *Same ; probable cause.*—Probable cause, as used in this connection, involves not only an honest belief on the part of the prosecutor, but a belief based on reasonable grounds, and not upon the caprice, prejudice, or idle dreams of the prosecutor.

Vol. lxxix.

[Steed v. Knowles.]

6. *Same ; advice of counsel.*—That the prosecution was instituted by the advice of counsel, given on a full and fair statement by the prosecutor of all the facts known to him, or which by proper diligence he could have ascertained, is a full defense to the action, though the advice was erroneous, or was not warranted by the facts stated; but, if the prosecutor failed to disclose any material fact known to him, he can not shelter himself behind the advice of counsel founded on a partial statement.

7. *Sale or removal of mortgaged property, without consent of mortgagee ; subsequent satisfaction of mortgage debt.*—A subsequent payment or satisfaction of the mortgage debt, after an illegal sale or removal of the mortgaged property by the mortgagor (Code, § 4354), does not purge the illegal act of its criminality, and is no defense to a criminal prosecution.

8. *Construction and effect of record ; charge submitting legal question to jury.*—It is the province and duty of the court to construe the record showing the prosecution and its termination, and its legal effect should not be submitted to the determination of the jury.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. LEROY F. BOX.

This action was brought by Alex. M. Steed against John S. Knowles, to recover damages for a malicious prosecution; and was commenced on the 16th January, 1882. The defendant pleaded not guilty, and the cause was tried on issue joined on that plea. At the instance of the defendant, the court gave nineteen charges to the jury, to each of which the plaintiff excepted; and these charges are here assigned as error. The opinion states the material facts.

PARSONS, PEARCE & KELLY, for the appellant.

LACKEY & BIRCKHEAD, *contra.*

SOMERVILLE, J.—The prosecution which is here alleged to have been maliciously and wrongfully instituted against the plaintiff, and is made the basis of this action for damages, was a prosecution for selling personal property, at the time under written mortgage, in violation of the provisions of section 4354 of the present Code. The mortgage was executed by the plaintiff (Speed) and his wife, to the defendant (Knowles), in the month of May, 1878, conveying a half interest in certain mills and machinery, situated on land belonging jointly to the plaintiff's wife and one Gaston. In November of the same year, the mills and machinery were destroyed by fire, leaving only some unconsumed fragments of the machinery. Among those fragments was an iron shaft, which, the evidence tends to show, was sold by Steed to one Riddle, without the mortgagee's consent.

The record discloses the fact, that the mortgaged property belonged to Mrs. Steed, the plaintiff's wife; but it does not

[Steed v. Knowles.]

appear whether it was her *equitable*, or her *statutory* separate estate. It is important that we should view the case in these two aspects, to prevent confusion.

If the property was the wife's equitable separate estate, she and her husband, or she alone, had the power to mortgage it, just as she could do if she were unmarried. This a settled and familiar principle of law. In this aspect of the case, there could be no doubt as to the validity of the mortgage, inasmuch as the evidence shows it to have been executed with all requisite formality, and acknowledged before the proper officer, who has appended his certificate in due form.

The next point of inquiry would be, whether the iron shaft, shown to have been a portion of the machinery, affixed to the mortgaged property, became personal property when it was detached by the accident of the fire; and, if so, whether it was still subject to the lien of the mortgage. On this question we entertain no doubt. A mortgage of land in this State is considered as a conveyance of the fee, at least in a court of law. Fixtures, annexed to the freehold at the time of the execution of the mortgage, pass to the mortgagee, and are subject to the lien of such incumbrance. And machinery, constituting the motive power of a mill, with the engine, boilers, shafting, and other means of communicating such power, are, as a general rule, regarded as fixtures, so far as to be covered by the conveyance, especially when such property belongs to the owner of the fee.—1 Jones Mort., § 440; *Patton v. Moore*, 37 Amer. Rep. 789. Nor would the lien of the mortgage be discharged, by the severance of such fixtures from the freehold by the accident of fire; because such removal would be without the consent of the mortgagor, and he himself without fault in wantonly producing it.— *Wilmarth v. Bancroft*, 10 Allen, 348; 1 Jones Mort. §§ 453 *et seq.* The severance would operate to convert the property thus severed into personalty, for the wrongful detention or conversion of which, it has often been held, a personal action would lie in favor of the mortgagee. Ewell on Fixtures, pp. 46–47, 414–415; *Hutchins v. King*, 1 Wall. (U. S.) 53.

In view of the foregoing principles, and upon the assumption that Mrs. Steed owned an equitable separate estate in the mortgaged property, the case is without any difficulty. The iron shaft, which was sold by the plaintiff, became personal property by the accidental severance of it from fire. It remained, however, subject to the lien of the mortgage; and the mortgagor had no lawful right to sell it, without the consent of the mortgagee, until he had satisfied the mortgage. If he did so, he would be guilty of a misdemeanor, within the meaning of section 4354 of the Code, and would be justly liable to the

[Steed v. Knowles.]

prosecution instituted against him by the defendant. If the plaintiff was guilty, then there was, of course, probable cause existing for his prosecution; and although the prosecution was not successful, but was defeated in the County Court, where instituted, the present action, without any doubt, will not lie.

But, as we have said, the evidence does not affirmatively show what was the character of Mrs. Steed's separate estate in the mortgaged property—whether equitable or statutory. The Circuit Court charged the jury, in effect, that, in the absence of proof, it would be presumed to be equitable, and that it was incumbent on the plaintiff to show the contrary, if true. This was error. In *Patterson v. Kicker*, 72 Ala. 406, we ruled, that personal property, owned by the wife as separate property, would be presumed to be a part of her *statutory* estate, until the contrary was proved. If it be her equitable separate estate, this must be shown affirmatively. The giving this charge will operate to reverse the judgment.

We announce the following principles as a sufficient guidance upon another trial.

If the estate in question is not shown to be equitable, it will be presumed to be *statutory*. In the latter contingency, the mortgage executed by the plaintiff and his wife will be void, having been executed to secure a debt of the husband's created for borrowed money. This, we have uniformly held, in an unbroken line of decisions, extending back to *Bibb v. Pope*, 43 Ala. 190. If the mortgage was void, it created no lien on the article of personal property—the iron shaft—shown to have been sold by the plaintiff; and the act of sale by him was not a misdemeanor, or other violation of law, for which a criminal prosecution would successfully lie. The question to be determined, however, in this case, will not necessarily be whether the plaintiff was actually guilty of the offense for which he was prosecuted. If the defendant, Knowles, had *probable cause* to believe that he was guilty, the prosecution was justifiable, notwithstanding the innocence of the plaintiff, or the fact of his acquittal.

The present action, which is for malicious prosecution, will not lie, as the court correctly instructed the jury, unless it was instituted, not only maliciously, but also without probable cause. "Neither of these elements alone will do, but both must concur to make the defendant liable."—*McLeod v. McLeod*, 73 Ala. 42; 2 Greenl. Ev. § 453. The fact that a person entertains malice towards another, does not debar him of his legal right to put in motion a justifiable prosecution against the latter.

While malice—which, in its legal acceptation, implies any improper or wrongful motive, rather than actual malevolence—

[Steed v. Knowles.]

may be inferred from the want of probable cause, the converse of this is not true ; for it is settled law, that "from the most express malice the want of probable cause can not be implied."—2 Addison Torts, § 853 ; Cooley on Torts, 185.

In *McLeod v. McLeod*, 73 Ala. 42, we gave many approved definitions of probable cause, to which we need add nothing. It is clear, from the weight of authority, that it involves not only an honest belief on the part of the prosecutor that the plaintiff was guilty of the offense charged, but it must also have been a belief based upon reasonable grounds, as opposed to one founded, as was said in *Long v. Rodgers*, 19 Ala. 321, upon "the caprice, prejudice, or the idle dreams of the prosecutor."—*Frowman v. Smith*, 12 Amer. Dec. 265, *note* ; *Bacon v. Towne*, 4 Cush. 238. There can be no justification, without honest belief, coupled with, and supported by reasonable grounds.—*Shawl v. Brown*, 28 Iowa, 37 ; s. c., 4 Amer. Rep. 151 ; 1 Hilliard on Torts, 474 ; *McLeod v. McLeod*, 75 Ala. 484.

The record raises the inquiry, as to how far a defendant is protected by the advice of counsel in instituting a prosecution. While it is true, as sometimes stated, that no man can shelter his malice by showing that he has brought an unfounded prosecution under the advice of a weak, or ignorant man, yet it is now everywhere conceded, that, where the prosecutor has fully and fairly submitted to learned counsel all the facts which he knows, or by proper diligence could know to be capable of proof, and is advised that they are sufficient to sustain the prosecution, and, acting in good faith upon such opinion, he does institute such proceeding, he can not be held liable in an action for malicious prosecution, although the legal opinion given him be erroneous. According to some of the authorities, this evidence is competent to rebut malice, and, according to others, to establish the fact of probable cause. In *Blunt v. Little*, 3 Mason's Rep. 102, Mr. Justice STORY expressed the opinion, that such evidence was admissible both "for the purpose of rebutting the imputation of malice, and establishing probable cause." But, which ever view be correct, it is generally agreed, that it furnishes a complete defense to the whole action, and is not limited to a mitigation of damages.—*McLeod v. McLeod*, 73 Ala. 46, *supra* ; 2 Greenl. Ev. § 459 ; Cooley on Torts, 183–184 ; *Brobst v. Ruff*, 100 Penn. St. 91 ; s. c., 45 Amer. Rep. 358 ; *Chandler v. McPherson*, 11 Ala. 916 ; *Stone v. Swift*, 4 Mass. 389 ; *Frowman v. Smith*, 12 Amer. Dec., *note*, p. 266, and cases cited ; *Griffin v. Chubb*, 58 Amer. Dec. 85 ; s. c., 7 Tex. 603 ; *White v. Carr*, 36 Amer. Rep. 353 ; s. c., 71 Me. 585.

It is not necessary that the facts should have clearly warranted such legal advice. If this were so, then the professional

[Steed v. Knowles.]

advice would be entirely useless for any purpose, because the
defense would be complete without it.   A qualification of the
rule in this way, as said by Underwood, J., in *Walter v. Sam-
ple*, 25 Penn. St. 275, "destroys the rule itself." The learned
judge further observed, "Professors of the law are the proper.
advisers of men in doubtful circumstances, and their advice,
when fairly obtained, exempts the party who acts upon it from
the imputation of proceeding maliciously and without probable
cause.   It may be erroneous, but the client is not responsible
for the error.   He is not the insurer of his lawyer.   Whether
the facts amount to probable cause, is the very question sub-
mitted to counsel in such cases; and when the client is in-
structed that they do, he has taken all the precautions de-
manded of a good citizen." The rule has been held not to
apply to counsel who was interested in the subject-matter of
the suit (*White v. Carr*, 36 Amer. Rep. 358); nor to embrace
a mere justice of the peace, who was not a licensed attorney.
*Brobst v. Ruff*, 45 Amer. Rep. 358. But it applies with much
force where a prosecutor acts under the advice of an authorized
officer of the law, whose duty it is to conduct criminal prose-
cutions.—*Thompson v. Lumley*, 50 How. Prac. 105.

. We have said that the prosecutor must submit to counsel all
the facts bearing on the case, of which he has knowledge, or
which he could have ascertained by reasonable diligence. This
embraces, of course, only material facts which are relevant to
the case in question.   If the prosecutor consented to the sale
of the mortgaged property, this was a material fact, relieving
the act of sale of all criminality, even if the mortgage was
valid.—Code, 1876, § 4354.   This fact, if true, should have
been stated, and a failure to disclose it would deprive the
prosecutor of any protection which he might otherwise de-
rive from the advice of the county solicitor, whom he is shown
to have consulted.

But it was not at all material that the mortgage may have
been satisfied since the alleged unlawful act of sale.   If the
sale was criminal as a misdemeanor when committed, it could
not be purged of its criminality by any subsequent act of the
parties.   The right of the mortgagee to prosecute, if it ex-
isted at all, would be the same after satisfaction of the mort-
gage as before.   It has never been contended that an act of
larceny could be purged by restoration of the stolen property,
or embezzlement by returning the funds which may have been
fraudulently converted.   The cases are clearly analogous.

The records of the County Court, which were introduced in
evidence, showed a termination of the prosecution.   It was
the province of the court to construe these records, and their
legal effect should not have been submitted to the jury for

[Snodgrass, King's Adm'r, v. Reynolds.]

their determination.—*Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 117.

There are some other points raised by the rulings of the court, which have not been argued by counsel, and which we need not consider, as they involve familiar questions often de- ·cided by the court.

The judgment is reversed, and the cause remanded.