# Richmond.

## C. O. PETHERBRIDGE V. R. L. BELL, ET ALS.

### April 22, 1926.

1. MALICIOUS PROSECUTION—*Basis of the Action—Proceeding Maliciously Brought and Without Probable Cause.*—It is universally held that a criminal proceeding having been brought or prosecuted maliciously and without probably cause, affords, when terminated, the basis of an action of malicious prosecution against the one so bringing or prosecuting such proceedings.

2. MALICIOUS PROSECUTION—*Furnishing Evidence to Game Warden—Case at Bar.*—In the instant case, an action for malicious prosecution, the only evidence against appellant was that he communicated to a United States game warden information that there was night shooting in the vicinity of prosecutor's place, and that he was with the federal game warden when he took prosecutor's ducks and guns and summoned him to appear before a United States Commissioner.

   *Held:* That this evidence would not support a conviction.

3. MALICIOUS PROSECUTION—*Before Whom Accusation made—Officer with no Authority to Arrest and Try.*—Furnishing information to an officer who has no authority to arrest and try, does not constitute basis for malicious prosecution. The action does not lie if the accusation complained of was not made in the ordinary and regular course of justice and before a tribunal having power to ascertain the truth and falsity of the charge and to punish the supposed offender.

4. MALICIOUS PROSECUTION—*Conspiracy—Incitement—Case at Bar.*—In the instant case, an action for malicious prosecution, appellant never lodged any accusation against the plaintiff. The only thing connecting appellant with the prosecution was his presence with a federal game warden and his questioning another who was present at the time of the alleged illegal shooting. This does not prove an inciting to prosecution or conspiracy to prosecute. The federal game warden acted entirely independently of appellant in the prosecution, and having the warrant issued, which was done on advice of the district attorney.

5. MALICIOUS PROSECUTION—*Advice of Counsel—Conspiracy—Case at Bar.*—In the instant case, an action for malicious prosecution, a

federal game warden instituted the prosecution on advice of the United States District Attorney.

*Held:* That if a conspiracy had been proven between the appellant and the federal game warden to prosecute plaintiff, the federal game warden's consultation and action upon the advice of a competent attorney would bar any action for malicious prosecution against appellant as well as against the federal game warden.

6. MALICIOUS PROSECUTION—*Advice of Counsel.*—A person may act on the advice of counsel *bona fide* sought and obtained without incurring liability for damages for a malicious prosecution.

Error to a judgment of the Circuit Court of the city of Portsmouth, in an action of trespass on the case. Judgment for plaintiff.  Defendant assigns error.

*Reversed.*

The opinion states the case.

*Nat. T. Green,* for the plaintiff in error.

*Cole & Cole, Oast, Kelsey & Jett,* for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

This was an action at law for malicious prosecution by R. L. Bell against William Birsch, a game warden of the United States government, C. O. Petherbridge, a game warden of the State of Virginia, and L. S. Woodhouse, the superintendent of the hunting club known as Sanddridge Club.  During the progress of the trial the plaintiff dismissed the action against W. L. Birsch. The jury rendered a verdict against Woodhouse and Petherbridge.  The verdict against Woodhouse was on motion set aside, and judgment entered up in his favor. A similar motion of Petherbridge was overruled by the court and judgment upon the verdict entered up against him and he sued out his writ of error for review of the court's ruling.

The facts in the case are very few and practically undisputed.    They are briefly as follows:

On a Sunday morning in November, 1922, Petherbridge received information from one W. E. Doxey, a hunter's guide, who at that time was in the employ of the plaintiff, Bell, that there had been night shooting of wild ducks contrary to the federal statute in marsh property in Princess Anne county, Virginia, in the vicinity of the property of the plaintiff, Bell, and the hunting club known as Sandbridge Club, of which L. S. Woodhouse was superintendent.

The next day, Monday, Petherbridge communicated this information to Birsch, the federal game warden, and that afternoon he and Birsch were driven in an automobile by a man named Oliver to the locality where the shooting was reported to be taking place.    They arrived there late Monday evening and heard shooting but it was too late for them to take any action in the matter that night.    They spent that night and the next day with Woodhouse at the Sandbridge Club.

Just before the closing hour for shooting on Tuesday, they went over to Bell's property and observed about forty shots made after closing hour, apparently from the blind for duck shooting which was occupied by the plaintiff, R. E. Bell, at that time.    They waited at Bell's club house for him to return and in about half an hour after hearing these forty shots Bell and his companions, including Doxey, appeared with thirteen wild ducks and with guns.    Birsch questioned Bell and his companions and they denied that they had shot any ducks after sundown, which was the closing hour, but Doxey admitted that they had been in the blinds for thirty minutes after sundown.

Birsch then seized as evidence all the guns but one and all the ducks, and summoned Bell to appear before

the United States Commissioner in Norfolk the next day at ten o'clock. The next morning Birsch and his party drove back to Norfolk, taking Doxey with them as a witness. Doxey rode on the back seat of the automobile with Petherbridge who questioned him and tried to get evidence from him against Bell. . After arriving in Norfolk Birsch, accompanied by Doxey, went before the district attorney of the United States and laid before him all the facts. The district attorney thereupon directed the issuance of a warrant against the plaintiff, Bell, for violation of the federal statute and on this warrant Bell was arrested, taken before a United States Commissioner, a hearing had, and the charge against him dismissed.

[1] At the outset of consideration of this writ of error which presents only one proposition, to-wit: That the evidence does not sustain the verdict of the jury, it is well to consider the legal elements of a malicious prosecution. "It is universally held that a criminal proceeding having been brought or prosecuted maliciously and without probable cause, affords, when terminated, the basis of an action of malicious prosecution against the one so bringing or prosecuting such proceedings." 14 Am. & Eng. Encyc. of Law (1st ed.), page 21.

[2, 3] In this case the only evidence against Petherbridge was that he communicated to Birsch the information that there was night shooting in the vicinity of Bell's place and that he was with the federal game warden when he took Bell's ducks and guns and summoned him to appear before the commissioner. Furnishing information to an officer who has no authority to arrest and try, does not constitute basis for malicious prosecution. The action does not lie if the accusation complained of was not made in the ordinary and regular course of justice and before a tribunal

having power to ascertain the truth and falsity of the charge and to punish the supposed offender. *Bodwell* v. *Osgood*, 3 Pick. (Mass.) 377, 15 Am. Dec. 228; *Turpin* v. *Remy*, 3 Blackf. (Ind.) 210.

[4, 5, 6] Petherbridge never lodged any accusations against Bell. The only thing that could connect him with the prosecution was his presence with Birsch and questioning Doxey. This does not prove an inciting to prosecution or conspiracy to prosecute. Birsch acted entirely independently in the prosecution, and having the warrant issued, which was done on advice of the district attorney. If a conspiracy had been proven, Birsch's consultation and action upon the advice of a competent attorney would bar any action for malicious prosecution against Petherbridge as well as Birsch. A person may act on the advice of counsel *bona fide* sought and obtained without incurring liability for damages for a malicious prosecution. *Forbes* v. *Hagman*, 75 Va. 168; *McLeod* v. *McLeod*, 73 Ala. 42.

There is no evidence against Petherbridge to justify a verdict for a malicious prosecution and the verdict will be set aside and judgment entered for the defendant.

*Reversed.*