# Watson *v.* The State.

*Indictment for Trespass after Warning.*

1. *Sufficiency of indictment, in description of premises.*—In an indictment for a trespass after warning (Code, § 4419), as in an action of trespass at common law, a particular description of the premises is not required; nor is it necessary to aver, either as matter of description, or as matter of venue, that they are situated in the county in which the prosecution is instituted.

63　　19
104　397

63　　19
109　　33

63　　19
117　693

63　　19
139　123

63　　19
e140　203

2. *Warning, or notice, and proof thereof.*—The warning not to enter, like the notice to quit given by a landlord to his tenant, may be either verbal or written ; and when in writing, a copy of it may be used as evidence, without notice to produce the original.

3. *Proof of judicial proceedings before justice of the peace.*—The proceedings had before a justice of the peace, in an action of unlawful detainer, or forcible entry and detainer, and the judgment rendered by him, can not be proved otherwise than by the production of his official papers, or an examined and sworn copy thereof, without accounting for the absence of the original, or showing the impossibility of obtaining a copy thereof.

4. *Same ; predicate for secondary evidence.*—Proof of the fact that the justice's docket was in the court-house, six or eight months before that building was destroyed by fire, does not justify the inference that it remained there and was destroyed, nor authorize the admission of secondary evidence of its contents, when it is not shown that any inquiry for it has been made of the justice's successor, who would be its legal custodian.

5. *Proof of probate records ; predicate for secondary evidence.*—Proof of the destruction of the court-house by fire, with the records and papers therein deposited and required by law to be kept, authorizes the admission of secondary evidence of the contents of such documents, in the absence of proof that they can be found elsewhere.

6. *Trespass after warning ; legal advice as defense.*—In a prosecution under this statute, the defendant can not be permitted to prove, for any purpose whatever, that he entered under the advice of counsel.

7. *Same ; what constitutes* —The statute was intended to protect the possession of real estate, against the entry of intruders or trespassers ; and it can not be made to serve the purposes of an action of trespass or ejectment. If the defendant, when warned by the prosecutor not to enter, was himself in possession of the premises ; or if, at the time of his entry after warning, the title and right of entry resided in him ; in either case, no conviction can be had against him. But no mere claim of title, however honestly made, can justify or excuse the trespass, if committed after warning.

FROM the Circuit Court of Covington.
Tried before the Hon. JOHN K. HENRY.

J. D. GARDNER, for the appellant.

J. M. WHITEHEAD, with the Attorney-General, for the State.

BRICKELL, C. J.—1. The indictment charges that the defendant, after having been warned in the next preceding six months not to do so, without legal cause, or good excuse, entered into the dwelling-house, or on the premises of Wm. F. Acree, " on to-wit, the place or premises, sometimes known and called as the Little place." The defendant demurred, assigning as causes the insufficiency of the description of the premises, and the absence of an averment that they were situate in the county, in which the indictment was found. The indictment avers no more than a mere private injury at common law, not the subject of a criminal prosecution, capable of redress only by an action of trespass *quare clausum fregit.* The statute converts it into an indictable offense, and entitles the party injured to the fine assessed on

conviction.—Code of 1876, §§ 4419–20. The common law did not require that, in declaring for a wrongful entry or intrusion upon lands, there should be any other description of the premises, than that they were the close of the plaintiff, nor that there should be a description of them by boundaries, or even by name. The plaintiff was confined to evidence of an entry on some one close, of which he had possession. 2 Waterman on Trespass, § 996. If there was a necessity for a description of the premises, to avoid inconvenience or embarrassment to the defendant, the plea of *liberum tenementum* drove the plaintiff to a new assignment, describing with exactness the close broken. In the indictment intended for the redress of like injury, committed under the special circumstances pointed out in the statute, and which of themselves afford the defendant full information of the particular premises upon which the wrongful entry is charged, there is no reason for requiring a more exact description of them, than was necessary in a declaration for the injury at common law. The statute dispenses with a statement of the venue, or place of committing the offense (Code of 1876, § 4787) ; and an averment that the lands were within the county, in which the action is brought, is not necessary in the corresponding civil action.—*Pike v. Elliott*, 36 Ala. 69. Pursuing the words of the statute—averring that the entry was without legal cause or excuse, after warning within six months preceding not to do so, into the dwelling-house, or on the premises of another, who is named—fully informs the defendant of every material fact necessary to be proved. An averment of the county in which the dwelling-house or premises are situate, would be no more than matter of description, or of the venue. As matter of description, it is not necessary ; and as matter of venue, it is dispensed with by the statute.

2. There was no error in admitting as evidence the copy of the written notice not to enter on the premises, delivered to the defendant. Of itself, it is a warning to the defendant against such entry ; and it was intended to satisfy the requirements of the statute. It is not the mere wrongful entry the statute punishes, but such an entry after warning against it by the possessor within the six months next preceding such entry. The warning is no more than notice to the defendant to abstain from the wrongful entry. It is not required to be in writing, but there is a propriety in reducing it to writing, for there will then be more certain and enduring evidence of its terms. It is of the same nature as a notice to quit, given by a landlord to his tenant, which may be written or verbal. When written, a copy of it may be used

as evidence, without notice to produce the original.—*Eisenhart v. Slaymaker*, 14 S. & R. 156; *Morrow v. Commonwealth*, 48 Penn. 305; 1 Whart. Ev. § 162. The reason is thus stated, by GIBSON, C. J.: "Every written notice is, for the best of all reasons, to be proved by a duplicate original; for, if it were otherwise, the notice to produce the original could be proved only in the same way as the original notice itself; and thus a fresh necessity would be constantly arising, *ad infinitum*, to prove notice of the preceding notice; so that the party would, at every step, be receding, instead of advancing."

3. The proceedings before a justice of the peace, in actions for forcible entry and detainer, or for unlawful detainer, are required to be in writing; and he and his successors in office are the legal custodians of them. The decision rendered by the justice, he is expressly required to record; and the final process he issues, is an execution for costs, and the restitution of the premises, when the judgment is for the plaintiff. Code of 1876, § 3702. No other evidence of the existence and contents of the proceedings in such actions, and of the judgment rendered by the justice, than the original documents, or examined, sworn copies, ought to have been received, without accounting for the absence of the original, or showing the impossibility of producing examined copies. *Kennedy v. Dear*, 6 Porter, 90; *Jones v. Davis*, 2 Ala. 730. The loss or destruction of such documents being proved, secondary evidence of their contents is admissible; and, like any other fact, the loss may be proved inferentially.

4. The proof of loss or destruction of these documents we do not think was sufficient. It is not a just inference from the fact that the docket of the justice was in the court-house six or eight months before it was burned, that it remained there until the burning and was destroyed. There seems to have been no proof in respect to any other book or paper than the docket. That would not show more than the judgment rendered, and there seems to have been no effort to obtain, or to account for the prior proceedings; nor was there evidence that on the docket the judgment was recorded. No inquiry seems to have been made of the successor of the justice, in reference to the documents, in whose custody, if they exist, it is presumed they can be found. The admission of secondary evidence of the contents of writings, depends upon evidence that the party offering it has honestly made all reasonable efforts to produce the original; and he must satisfy the court that it is not in his power to produce it. Fuller proof should have been made than is found in the bill of exceptions, before resorting to the parol evidence of

the proceedings before, and the judgment rendered by the justice, in the action of unlawful detainer against the defendant.

5. The destruction of the proceedings in the Court of Probate, for the sale of the lands, was satisfactorily shown, and there was no error in receiving secondary evidence of them. They were of the files and records of the court, kept in obedience to law in the court-house; and proof of the burning of the court-house, and that the records and papers there deposited were consumed, necessarily opened the way for secondary evidence of the contents of all such documents, unless there had been evidence that they could be found elsewhere.

6. In civil actions for a malicious prosecution, and other kindred actions, of which malice and a want of probable cause are indispensable elements, and in which the presumption of malice obtains from proof of a want of probable cause; to repel that presumption, so far as the jury may deem it repelled by the proof, the defendant is permitted to show that he made a fair, truthful statement of the facts to counsel, who advised the institution of the prosecution, and that in instituting it he relied and acted on such advice. We are not aware that a defendant has ever been permitted to mitigate, or justify, or excuse a trespass upon the property of another, because he acted under the advice of counsel. When that advice is permitted to be proved, in the civil actions to which we have referred, the utmost effect it can have is to reduce the recovery of the plaintiff to actual damages sustained from the wrong of the defendant. It does not convert that wrong into a right, nor afford any justification for it.

7. It is not necessary to pass separately on the several instructions which the Circuit Court refused to give on request of the appellant. The indictment can not be supported, if, when the notice or warning was given, the defendant had actual possession of the premises, claiming title thereto, or claiming to hold them against Acree, from whom the notice proceeded. The statute is intended for the protection of the possession of real estate, against the entry of intruders or trespassers; and it can not be made to serve all the purposes of an action of trespass *quare clausum fregit*, nor converted into an action of ejectment, in which the title and right of possession may be determined. A wrong-doer in actual possession, though the constructive possession may reside in him in whom the title is vested, can not be warned off, and proceeded against under the statute. Such of the instructions requested as were in accordance with this view, ought to have been given. Nor can the indictment be supported,

[Smitherman v. The State.]

if at the time of the entry, though made after warning by Acree, who, by himself or tenant, had or claimed the actual possession, the title and right of entry to the premises resided in the defendant. The statute was not intended to convert the entry of the true owner into an indictable offense, or to deprive him of any right he could have exercised before its enactment. But no mere claim of title, however sincerely made, can justify or excuse the trespass, if it is committed after warning. The good faith of the claim is more justly and properly vindicated by a resort to remedies for its enforcement, than by an intentional entry on premises of which another has possession, and notifies or warns the defendant to abstain from entering upon them.

For the errors noticed, the judgment must be reversed, and the cause remanded ; but the appellant must remain in custody, until discharged by due course of law.