# State v. Vance.

### Indictment for Larceny.

1. *Attempted fraud in procuring testimony; when properly considered to disadvantage of party attempting same.*—If a party attempts to practice a fraud on the court, by procuring, or assisting to procure, testimony which he knows to be false, this is a circumstance which the jury may properly consider to his disadvantage; but, to justify a charge invoking this principle, there must be evidence tending to show such procurement of false testimony, and mere conflict of testimony as to some of the facts of the case is insufficient (*Beck v. State, ante,* p. 1).

2. *Abstract charge; when reversal worked by.*—An abstract charge, even though it assert a correct legal proposition, will work a reversal if it probably misled the jury.

APPEAL from Bibb Circuit Court.

Tried before Hon. J. E. COBB.

The appellant, Buck Vance, and Bill Wyatt were jointly indicted at the Spring term, 1885, of said court for the offence of grand larceny—the subject of the alleged larceny being two hogs the property of one George Randolph. The said Wyatt escaped from custody shortly after his arrest, and the appellant was convicted of the offence charged, under a plea of not guilty, at the ensuing Fall term of said court. The facts necessary to an understanding of the point adjudicated by the court are sufficiently indicated in the opinion.

Name of appellant's counsel not disclosed by the record.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.— The only error, apparrent from the record, consists in the general charge, where the court instructed the jury : "If the defendant had knowingly and wilfully procured facts material to his defence to be sworn to, which he knew were false, this might be considered as a circumstance against

[Barclay, Assignee, et al. v. Spragins. Adm'r.]

the defendant in weighing the evidence, and may be a presumption against him; but this is a matter for the jury, to be considered or not as they determine in view of the whole evidence." In *Beck v. State, ante*, p. 1, a charge, the same in substance, was given. The only incidents of the trial, which raised the legal proposition of the charge, were conflicts in the testimony on questions of fact. It was held, that the charge was abstract, and that an abstract charge, though asserting a correct legal principle, if it probably misled the jury, will work a reversal. And further; that it authorized the jury to draw an inference, when there was no testimony from which it could be drawn. The record in the present case purports to set out all the evidence. The only circumstances shown, on which to base the legal proposition of the instruction, are a conflict as to an interview between Wyatt and the defendant near the office of the justice, and a discrepancy between two of defendant's witnesses, as to the time he killed his hog. The charge asserts a correct principle, applicable when there is any evidence tending to show there has been the procurement of false testimony, but mere conflicts of testimony as to some of the facts of the case are insufficient. On the authority of *Beck v. State, supra*, the judgment must be reversed.

Reversed and remanded.