# Matthews *v.* The State.

### *Indictment for Trespass after Warning.*

1. *Trespass after warning; by whom warning given.*—To authorize a conviction for a trespass (Code, §§ 4419-20), the warning not to enter must be given by the person who is in possession, and who is entitled to the fine on conviction.

2. *Same; warning by landlord insufficient when tenant in possession.* When the premises are in possession of a tenant, under a lease which has not expired, a warning by the landlord or owner is not sufficient to sustain a prosecution under the statute.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. JOHN P. HUBBARD.
The facts are sufficiently stated in the opinion.

J. D. GARDNER, for appellant.

T. N. McCLELLAN, Attorney-General, *contra.*

CLOPTON, J.—The statute declares : " That any person who, without legal cause or good excuse, enters into the dwelling house, or on the premises of another, after having been warned within six months preceding not to do so, is guilty of a misdemeanor." If a conviction is had, the fine goes to the party injured.—Code, 1876, §§ 4419, 4420. The intent is to secure more effectual protection of the possession of real estate against trespassers, than was furnished by civil action. To this end, the statute converts into a criminal offense, when the entry is after warning, what was a private injury at common law, only redressible by a civil action. The offense created offends only the possession, whether the entry after warning is by a mere intruder, or under an unfounded claim of title, however honestly believed to be valid.— *Watson v. State*, 63 Ala. 19. The party, whose *possession* is injured, is entitled to the fine assessed on conviction. When a person is in the actual and rightful possession of the premises, a warning not to enter by such

person is as much an essential constituent of the offense, as a subsequent entry without legal cause or good excuse. The warning should be given by the party who is authorized to maintain an action of trespass for the private injury—whose possession is offended, and who, under the statute, is entitled to the fine, if a conviction is had.

The only evidence of title, shown by the record, is the presumption arising from the possession of Mack White at the time of his death. Mary White, his widow, continued in possession thereafter by right of quarantine and dower. On the death of Mack White, his title vested in Missouri White, who was his only child and heir. Mary White died in May, 1884, having previously rented the premises to Whitehead for that year. At the expiration of the lease, Whitehead surrendered possession to Missouri White, and rented from her for 1885. He was in actual possession under this rental contract, at the time the warning not to enter was given to defendant. Missouri White, who warned the defendant not to enter, was neither in possession, nor had a right to possession. Having leased the premises for the year, and having no right to possession, she could not maintain an action of trespass for a wrongful entry or intrusion during the continuance of the lease. Her resort would be to an appropriate action to redress any injury done thereby to her reversion. There being no evidence from which the jury could infer that Whitehead warned the defendant not to enter, the affirmative charge requested by him should have been given.

Reversed and remanded.