# Goldsmith *v.* The State.

*Indictment for Trespass after Warning.*

1. *Constituents of offense.*—To constitute the statutory offense of trespass after warning (Code, § 3874), there must be an entry after warning; and where it appears that the defendant, having entered peaceably, was then warned and ordered to leave, after which he walked from one place to another, not entering any dwelling-house, and not returning after he left the premises, a conviction can not properly be had.

2. *Correct charge, not applicable to evidence.*—A charge given which, though it asserts a correct legal proposition, is not applicable to the evidence, and is therefore liable to mislead the jury, is a reversible error.

FROM the Circuit Court of Crenshaw.
Tried before the Hon. JOHN P. HUBBARD.

JOHN GAMBLE, for the appellant, cited *Street v. Sinclair*, 71 Ala. 110; *Burns v. Campbell*, 71 Ala. 271; *Watson v. State*, 63 Ala. 19.

THOS. N. MCCLELLAN, Attorney-General, for the State.

[Goldsmith v. The State.]

STONE, C. J.—The prosecution in this case was instituted under section 3874, Code of 1886,—a purely statutory offense. It declares that "any person, who, without legal cause, or good excuse, enters . . . . on the premises of another, after having been warned within six months preceding not to do so, must, on conviction," &c.

In *Watson v. State*, 63 Ala. 19, this court said: "The statute is intended for the protection of the possession of real estate, against the entry of intruders, or trespassers; and it can not be made to serve all the purposes of an action of trespass *quare clausum fregit*, nor converted into an action of ejectment, in which the title and right of possession may be determined. . . . But no claim of title, however sincerely made, can justify or excuse the trespass, if it is committed after warning."

In *McLeod v. McLeod*, 73 Ala. 42, it was said: "If the plaintiffs were in actual possession of any portion of the land, claiming title thereto, either adverse or permissive against the appellant, they could not be lawfully prosecuted for continuing their possession after a warning not to do so. The statute does not cover cases of this character."—*Bohannon v. State, Ib.* 47; *Matthews v. State*, 81 Ala. 66. "A single entry, and moving from place to place on the lands of the prosecutor, on one and the same occasion, could not, it would seem, be divided into two acts of trespass."—*Owens v. State*, 74 Ala. 401.

It has been contended for defendant, and the testimony supported the contention, that Wilkinson held a mortgage on the lands on which the trespass is alleged to have been committed; that the debt secured by the mortgage was past due and unpaid; that the law-day of the mortgage was past; that Goldsmith was Wilkinson's agent in entering upon the land; that he entered peaceably, and without tumult or disturbance of the peace; and that therefore he did only what he was authorized by the mortgage to do, or, at least, what he in good faith believed he was authorized to do. We will not consider this aspect of the case.—*Street v. Sinclair*, 71 Ala. 110.

There is no controversy on the following propositions: The defendant was on the premises, the land, when he received the warning; and after he left the premises, there is no proof that he ever returned. He did not enter the dwelling, nor the inclosure around it. The prosecutor testified, that after he gave the warning, defendant went into the field,

[Smith v. The State.]

and aided in gathering the corn.  Defendant denied this, and testified that he did not go inside of any inclosure.  This was the only conflict in the testimony.

We think, the testimony, under any interpretation, failed to make a case within the statute.  There must be a warning first, and an entry afterwards.  One already in possession, even though a trespasser, or there by that implied permission which obtains in society, can not, by a warning then given, be converted into a violator of the statute we are construing, although he may violate some other law, civil or criminal.— *Watson v. State, supra.*  And having violated no law in going on the premises, if the defendant moved from place to place afterwards, this would be but one continuous act, and could not amount to an indictable trespass after warning.—*Owens v. State, supra.*  What we have said must not be understood as applicable to an occupied dwelling-house.  Both the common and statute law have erected special guards around it, and no one, even if on the outdoor premises, can enter the dwelling, after being warned not to do so.  Such entry after warning would fall clearly within section 3874 of the Code.

The court charged the jury, "that defendant had a right to go on the premises, as any one has to go on the land of another.  But these things are put at an end, when the owner or possessor of lands warns him not to do so."  This charge asserts a correct legal proposition, when applied to facts that are pertinent to it.  But charges must be construed in reference to the testimony before the jury.—*Lehman v. Warren,* 53 Ala. 535; *Alexander v. Alexander,* 71 Ala. 295.  Interpreting this charge in the light of the testimony, we think the inference arises that it misled the jury; and the charge should not have been given.—3 Brick. Dig. 113, § 107; *Beck v. State,* 80 Ala. 1.

Reversed and remanded.