# Goldsmith & Davis v. McCafferty.

*Action on a Promissory Note.*

1. *Abstract charge.*—The giving of a charge that is merely abstract does not, as a general rule, work a reversal of the judgment; but where it is manifest to the appellate court that the giving of such abstract charge misled the jury to the prejudice of the party cast in the suit, the judgment consequent thereupon will be reversed.

2. *Instructions not based on evidence.*—When, in an action on a promissory note given for the purchase price of a bale of Havana tobacco, which was bought at the same time with a case of leaf tobacco, a separate note being given for the latter, the defendant's evidence showed that the leaf tobacco, represented to be "natural sweat leaf," was in fact re-sweated, and not worth more than twenty cents

[Goldsmith & Davis v. McCafferty.]

instead of thirty cents per pound, the price given, and that he agreed, however, to accept it, if plaintiffs would extend the time of his note for such leaf tobacco, which was done, but there was no evidence that the defendant asked for an extension of time of the payment of the note for the Havana tobacco, which was the note sued on, and had made no claim that said Havana tobacco was not as represented, it is a reversible error to instruct the jury that, "Even though the jury may believe the defendant asked for and obtained an extension of time of the indebtedness sued on, this does not prevent him setting up a failure of consideration in the debt sued on, if the defendant was not aware, at the time of the giving of the note, that the tobacco was re-sweated, and it was in fact re-sweated;" such charge being not only abstract, but also misleading.

APPEAL from the City Court of Birmingham.

·Tried before the Hon. H. A. SHARPE.

This was an action of assumpsit, brought by the appellants against the appellee on a promissory note. The defendant pleaded the general issue, want of consideration and failure of consideration. Upon the trial of the cause, as is shown by the bill of exceptions, the plaintiff introduced the note sued on, which was in words and figures as follows :

"$129.80.          BIRMINGHAM, Ala. June 1st, 1890.

Four months after date I promise to pay to the order of Goldsmith & Davis, one hundred twenty-nine and 80-100 dollars, value received at Birmingham, Ala. [signed] H. J. McCafferty." They also introduced a statement of the bill of the defendant with the plaintiffs, in words and figures as.follows : "H. Judson McCafferty, Birmingham, Ala. bought of Goldsmith & Davis, terms four months note, 1 bale Havana tobacco, 118 lbs, at $1.10, $129.80, one case leaf tobacco, $105.00, 350 lbs., 30 cents, $105.00." Here the plaintiff rested. The bill of exceptions then recites : "The defendant McCafferty was then introduced, who testified that the tobacco was unsound and that the same had been re-sweated, and that it was not worth exceeding 20 cents per pound, that plaintiffs had guaranteed the soundness of said tobacco at the time the sale was made. The defendant further testified that at the time he bought the tobacco it was represented to be natural sweat leaf, but in fact defendant found for the first time, after keeping it about six weeks, that the tobacco was re-sweated, and he then wrote to the plaintiffs, and they sent the written guarantee that

[Goldsmith & Davis v. McCafferty.]

it was not re-sweated. The longer defendant kept the tobacco, the worse it got. Goldsmith, one of the plaintiffs, called to see defendant in July or August, 1891, and assured him that the tobacco was not re-sweated. On re-examination, defendant testified that he did not know that the tobacco was re-sweated until after the notes were given. On cross examination, defendant testified that he received from plaintiffs letters dated May 12, May 13th, June 7th, August 4th, and September 13th, 1890, and he wrote letters July 21st, July 29th, October 13th. And he further testified that he had used all of the tobacco purchased from plaintiffs in his business. He also introduced one Pfeister, who testified that he was in the cigar manufacturing business, well acquainted with the quality of tobacco, and that said tobacco he had examined at the request of defendant, and that the same was unsound, had been re-sweated, and that the same was not worth exceeding 20 cents per pound. The defendant introduced another witness who testified to the same effect.'' The plaintiffs then introduced in rebuttal the letters, which had passed between them and the defendant, and which were as follows :

''New York, May 12th, 1890. Mr. H. Judson McCafferty, Birmingham, Ala. Dear Sir : Your order through our Mr. Goldsmith to hand. Tobacco will be shipped tomorrow. Yours truly, 　　　Goldsmith & Davis.''

''New York, May 13th, 1890. Mr. H. Judson McCafferty, Birmingham, Ala. Dear Sir : We have this day shipped the leaf via Savannah Str. Enclosed you will please find bill. Trusting to receive your future orders, we are, Yours truly, 　　　Goldsmith & Davis.''

''New York, June 7, 1890. Mr. H. J. McCafferty, Dear Sir : Your letter we have received, and in reply wish to say that we are surprised that the case of wrappers our Mr. Goldsmith sold you is not satisfactory. Mr. Goldsmith sold quite a number of them, and we had no complaint ; but we wish to state to you that if the case is not satisfactory you can return the same, we don't want you to keep any stock if not satisfactory, but if you would try the same a little more we have no doubt it would turn out satisfactory. Hoping to receive your future orders, we remain, Yours truly,
　　　　　　　　　　　Goldsmith & Davis.''

''Birmingham, Ala. July 21st, 1890. Goldsmith &

[Goldsmith & Davis v. McCafferty.]

Davis, New York, Gentleman : Sirs, I was unable to get to case leaf in question to give it a fair trial on mold until last week as I was short on a cigar that I make by hand. The leaf works quite well on mold ; but I make but few mold cigars, and the case would last me a long time for that kind of work. Although, I will keep it if you will give me longer time on it. Let me hear from you, and oblige, Yours truly,        H. J. McCafferty."

"Birmingham, Ala. July 29th, 1890. Goldsmith & Davis, New York, Gentlemen : Sirs, Inclosed you will find notes for the amount of bill bought of your Mr. Goldsmith. I have dated note for Havana from June first, as that was the arrangements I made with Mr. G. Hoping this will be satisfactory, Respectfully,
· H. J. McCafferty."

"New York, Aug. 4th, 1890. H. J. McCafferty, Dear Sir : Your letter with enclosed two notes for $234.80 received, and have given you credit for the same and enclosed please [find] receipt and accept thanks, Yours truly,        Goldsmith & Davis."

"New York, Sept. 13th, 1890. Mr. H. J. McCafferty, Birmingham, Ala. Dear Sir : In reference to the leaf we shipped to you on May 12, 1890, will say that our Mr. Goldsmith has arrived home, and will say he finds the tobacco sound and is not re-sweated ; and we can, therefore, not exchange the same, as you have the tobacco in your possession now over four months. Our notes must be paid when due. Yours truly,
Goldsmith & Davis."

"Birmingham, Ala. Oct. 2nd, 1890. Goldsmith & Davis, New York City. Gentlemen : Your Mr. Goldsmith gave me his word of honor that his firm would deal fair with me, and I am somewhat surprised that my note has been protested. I am willing to pay what the leaf is worth ; and have been advised that you can not collect any more than that, after your written guarantee that it was not re-sweated and would not spoil. I have handled tobacco for twenty odd years, and know something about leaf, and I say this goods is re-sweated, and not worth the price asked. If you think best to sue, go ahead. I will stand you a trial. Respectfully,
H. J. McCafferty."

"Birmingham, Ala. Oct. 13th, Goldsmith & Davis, New York, Gentlemen : Yours of the 6 at hand and in

[Goldsmith & Davis v. McCafferty.]

reply will say your sale of tobacco to me was *re-sweated goods* and a swindle from the start, for I am told by another manufacturer that your Mr.. Goldsmith offered the Havana to him for 5c less per lb. than he sold it to me. Another man, old in the cigar business, says the case of leaf is not worth more than 18c lb. at the *most*.   It is only fit for binders ; and will  enclose a copy of your  guarantee that the goods [would] not spoil.   Also in your letter of June 7th, are these words :  'If the case is not satisfactory, you can return the same ; but if you  would try the same we have no  doubt it would turn out satisfactory.'   With all of this kind of  fair  writing on your part, I felt safe in sending you my notes.    The Havana has lost its aroma, and  is but very little better than  any good domestic filler.    However, I will repeat I  am willing to pay all the tobacco is worth and *no more*; the price to be decided by  reliable cigar men.    This is final, and I await your further action.    Respectfully,

H. J. McCafferty."

The plaintiffs requested the court to give the following written  charge  to  the  jury,  and  duly  excepted to the court's refusal to give the same  as asked :    "If  the jury believe from the evidence that the plaintiffs did by letter, on the 7th day of June, 1890, offer to rescind the contract and  take  back  the  tobacco,  and  that subsequently to that time the defendant agreed to pay the said note upon an extension of time  for the  payment  of the  debt,  and that said extension of time was granted by plaintiff, then defendant ratified the contract, and they should find  for the  plaintiffs."

The  charge  which  was  given by  the  court at the request  of  the  defendant,  to  the  giving  of which the plaintiffs duly excepted, is copied in the opinion.

There was judgment for the sum of $20.75, from which judgment the plaintiffs now  appeal, and assign as  error the court's refusal to give the charge requested  by them, and the court's  giving  the  charge requested  by the  defendant.

BUSH & BROWN, for appellants.

CABANISS & WEAKLEY, *contra*.

MCCLELLAN,  J.—On  May  12,  1890,  Goldsmith &

Davis sold to McCafferty "1 bale Havana tobacco, 118 lbs. at $1.10—$129.80, and one case leaf tobacco, 350 lbs, 30 cents, $105," on four months time.   On August 4th, 1890, the evidence tends to show, McCafferty delivered separate notes for the two items of the account, that for $129.80 being the price of the bale of Havana bearing date as of June 1st, and that for $105, being the price of the case of leaf tobacco, bearing date as of July 1st.    Each note was payable four months after date. Before these notes were executed a controversy arose . between the parties as to the condition and quality of the *case of leaf tobacco*.    McCafferty claimed that this tobacco was unsound, and, finally—he now says after the notes had been delivered—that it had been re-sweated, whereas it had been represented and sold to him as "natural sweet leaf," and that it was not worth more than twenty cents per pound.    He brought forward and insisted upon these claims by letters to the sellers; but on July 21st, before the notes were delivered, he wrote that he would keep it, if Goldsmith & Davis would give him a longer time than four months in which to pay for it.    There is evidence, in the fact that the note for this item was made payable four months from July 1st, instead of from May 13th, the date of the bill, or June 1st, the date of the other note, tending to show that this proposition was accepted and the extension granted.    On the other hand, in respect of the bale of Havana tobacco, the other item in the account, the amount of which was $129.80, for which a separate note was given, there is no evidence that any controversy ever arose between the parties.    All that is said in the correspondence, or any where in the evidence, having reference to this item is found in McCafferty's letter of October 13th.   He there says :  "The Havana has lost its aroma, and is but very little better than any good domestic filler."    This letter was written five months after the sale and delivery, and it can not be construed into a claim that the tobacco was not as represented at the time of the sale ; but only that during the intervening time it has lost its aroma; and this fact appears to have been thrown out merely for the purpose of conducing to a more favorable consideration of the buyer's claims as to the leaf tobacco.    No extension of time for payment of this item is asked, and that none was granted is apparent from the date of the note, which is as of the

first day of the month succeeding that toward the end of which the goods were received, and even the failure to date the note on the precise day of the receipt of the goods is explained in McCafferty's letter of July 29th, where he says : "I have dated note for Havana from June 1st, as that was the arrangement made with Mr. G.," and this arrangement with Mr. G. was clearly a matter of convenience of dates and not of any real extension of time, since it is not reasonable to suppose that McCafferty having, as he claimed, a serious grievance against the sellers which he proposed to abandon for an extension of time of* payment would have been content with the very few days intervening between the arrival of the shipment and the first of June. On the foregoing and other considerations shown by the bill of exceptions (which the reporter will set out in full) is based our conclusion that in point of fact no question has ever been made as to McCafferty's liability for the full amount of the note for $129.80, representing the price of the Havana tobacco, and no claim was ever made that that tobacco, the sale and purchase of which was segregated from that of the leaf tobacco, and constituted a separate transaction in legal effect by McCafferty himself, was unsound, or was re-sweated or was worth only twenty cents per pound, and no extension of time for payment therefor was ever asked or granted.

The present action is upon this note for $129.80, evidencing McCafferty's indebtedness for the *bale of Havana tobacco*, the price of which as we have seen, was $1.10 per pound. The note for $105, for the case of *leaf tobacco* at 30 cents per pound, is no more involved here than if the transaction out of which it arose had never transpired. The trial court, however, instructed the jury, at defendant's request, as follows : "Even though the jury may believe the defendant asked for and obtained an extension of time of the indebtedness sued on, this does not prevent him setting up a failure of consideration in the debt sued on, if the defendant was not aware, at the time he gave the note, that the tobacco was re-sweated, and it was in fact re-sweated." And the jury returned a verdict for the plaintiffs for the value of the Havana tobacco, which they found to be twenty cents instead of one dollar and ten cents per pound. It is clear that this charge was entirely abstract, in that there was no evi-

[Anniston Carriage Works et al. v. Ward et al.]

dence that any extension of time was asked or granted in respect of the Havana tobacco, or that it was resweated, and this tobacco alone constituting the consideration of the note sued on, there was, it follows, no evidence of a failure of consideration. It is clear also to us that the jury were misled by this instruction to the conclusion that the evidence as to resweating, extension of time and failure of consideration had reference to the Havana tobacco and the note sued on, when in truth its relation was entirely to the case of leaf tobacco and the note for $105, which is not sued on, since their verdict is wholly inexplicable upon any other hypothesis.

It is very rarely the case that the giving of an abstract charge requires the reversal of a judgment. But where the charge is abstract and misleading, and it is, as here, manifest that the jury has been misled by it to the prejudice of the appellant, the law is well settled, that the consequent judgment should be reversed.—*Bernstein v. Humes,* 71 Ala. 260 ; *Herring v. Skaggs,* 73 Ala 446 ; *Beck v. State,* 80 Ala. 1 ; *State v. Vance,* 80 Ala. 356 ; *Goldsmith v. State,* 86 Ala. 55 ; 5 So. Rep. 480 ; *Schaungut's Admr. v. Udell & Crunden,* 93 Ala. 302, 9 So. Rep. 550.

For this error, into which the lower court was probably led by a request for an instruction on the same subject and likewise abstract by the plaintiffs, the judgment must be reversed. The cause is remanded.

Reversed and remanded.