## Brunson *v.* The State.

*Indictment for Trespass after Warning.*

1.  *Trespass after warning; sufficiency of evidence and variance.*
    Where an indictment charges that the defendant "without
    legal cause or good excuse, entered upon the premises" of an-
    other, "after having been warned within six months preced-
    ing not to do so," evidence that after having entered upon
    said premises without having been warned thereto, the defend-
    ant refused to leave said premises after being warned, is in-
    sufficient to authorize a conviction under such indictment.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant in this case, Charles Brunson, was in-
dicted, tried and convicted for trespass after warning.
The facts of the case necessary to an understanding of
the decision on the present appeal, are sufficiently stated
in the opinion.

The defendant requested the court to give to the jury
the following written charge, and duly excepted to the
court's refusal to give the same as asked: "If the jury
believe from the evidence that the defendant after re-
ceiving the warning did not go beyond the limit of land
he had taken actual possession of before he got the warn-
ing, then the jury must find the defendant not guilty."

FITTS & STOUTZ, for appellant.—If the defendant at
the time he is warned by the prosecutor has himself
gained actual possession of the premises, even though he
be a wrong-doer, he enjoys the full protection of the law,
and no conviction for the offense described in this in-
dictment can be had against him; a wrong-doer, if he is

[Brunson v. The State.]

in the actual possession, though the constructive possession may reside in the person in whom the legal title is vested, still he cannot be warned off and proceeded against under this section for his actual posession protects him from this particular prosecution. *Bohaun v. State,* 73 Ala. 47; *Goldsmith v. State,* 86 Ala. 55; *Watson v. State,* 63 Ala. 20; *Sandy v. State,* 60 Ala. 18; *McCleod v. McCleod,* 73 Ala. 42.

MASSEY WILSON, Attorney-General, for the State. Appellant's contention is that the beginning of the building of the fence put him in such a position and was such an act as would put him in actual possession of the premises; but such is not the law. As was said in *Watson v. State,* 63 Ala. 19, 24, "No mere claim of title, however sincerely made, can justify or excuse the trespass if it is committed after warning."—See also *Burks v. State,* 117 Ala. 48.

The rule that one in the actual possession of premises may maintain a prosecution for a trespass after warning is not intended to be infringed upon; but our contention is, that this rule cannot be used as a "shield and sword;" that defendant had no such possession as would permit him to trespass upon the prosecutor's premises and escape liability for the criminal offense.—*Hooper v. Clayton,* 81 Ala. 391; *Crosby v. Prigden,* 76 Ala. 385.

DOWDELL, J.—The prosecutor and defendant were proprietors of adjacent lands. The prosecution was commenced under section 5606 of the Criminal Code, 1896, which fixes a punishment for trespass after warning. This statute embraces two separate and distinct offenses under the common designation of trespass after warning; or, in other words, the offense of trespass after warning may be committed in two different and distinct ways. First, where the defendant "without legal cause or good excuse, enters into the dwelling house, or on the premises of another, after having been warned, within six months preceding, not to do so;" second, where the defendant, "having entered into the dwelling house or on the premises of another without having been

warned within six months not to do so, and fails or refuses, without legal cause or good excuse, to immediately leave on being ordered or requested to do so by the person in possession, his agent or representative." This latter provision, contained above under the second head, was not embraced in section 3874 of the Code of 1886—that statute denouncing only the entering on the premises after warning given not to do so. This section was amended by an act approved December 3d, 1896, (Session Acts, 1896-97, p. 34), by incorporating in the statute the said second provision set out, and as thus amended was brought forward and adopted into the present Code as section 5606. Prior to this amendment, and under the statute as it stood in the Code of 1886, it was decided by this court that a prosecution could not be sustained for trespass after warning where the defendant had already entered upon the premises and was in possession before any warning given him not to do so. In *Watson v. State,* 63 Ala. 23, it was said: "The indictment cannot be supported, if, when the notice or warning was given, the defendant had actual possession of the premises, claiming title thereto, or claiming to hold them against Acree, from whom the notice proceeded. The statute is intended for the protection of the possession of real estate, against the entry of intruders or trespassers; and it cannot be made to serve all the purposes of an action of trespass *quare clausum fregit,* nor converted into an action of ejectment, in which the title and right of possession may be determined. A wrongdoer in actual possession, though the constructive possession may reside in him whom the title is vested, cannot be warned off, and proceeded against under the statute."—See also *McLeod v. McLeod,* 73 Ala. 42; *Bohannon v. State,* 73 Ala. 47; *Mathews v. State,* 81 Ala. 66; *Owens v. State,* 74 Ala. 401; *Goldsmith v. State,* 86 Ala. 55.

The indictment in this case charged that the defendant "without legal cause or good excuse entered on the premises of Andrew Zimlich after having been warned, within six months preceding not to do so, against the peace," etc. Evidence of the refusal of the defendant

after having entered on the premises and before notice or warning not to do so, to leave said premises, is insufficient under the above authorities to sustain the indictment. But it is insisted that under the evidence in the case, the defendant entered after notice and warning not to do so. The undisputed evidence in the case shows that the prosecutor and defendant were adjacent land owners and that the land alleged to have been trespassed on was a narrow strip, about ten feet in width, and which the defendant had enclosed within a wire fence made of posts set in the ground and strung with two wires. The prosecutor had been in the prior actual possession of this strip of land, and when he discovered the defendant in the act of setting up the fence, he hurriedly went into the city to have notice prepared to serve on the defendant. The notice which was prepared and served on the defendant, was in form a request or order that the defendant should leave the premises, coupled with a further warning not to return. At the time of the service of this notice, about 2 o'clock in the afternoon, the defendant was at his home, where it appears that he had gone for his dinner, and when served with the notice, he said he would continue his work on the fence. He did return to his work on the fence and in doing so went upon the strip of land which he had already enclosed within the wire fence. The testimony is in conflict as to the amount of work done upon the fence after the return of the defendant. The tendency of the State's evidence being that the fence was incomplete, and that defendant strung another wire on the posts; while the tendency of the defendant's evidence was that all of the wires had been strung, and nothing remained to be done but the tightening of the same, and in the doing of which, the defendant at no time went across the fence on the prosecutor's side, but remained on his side. But this conflict under our view of the case is unimportant. The State elected to prosecute for the alleged trespass committed by the defendant upon his return, after receiving the notice copied in the record, to work upon the fence. This presents the question whether or not under the evidence, the defend-

ant in returning to his work upon the fence *re-entered* upon the premises of the prosecutor, that is, upon the narrow strip of land which had been by the defendant enclosed under his said fence and so brought within the asserted boundary of his own land. Prior to the erection of this fence, the dividing line between the two adjacent owners was an imaginary line with no exact or designated location, although the prosecutor had been claiming, and cultivating, and, therefore, was in the actual possession of the land up to a point which included the strip alleged to have been trespassed on. When the defendant set up his fence, which was in its nature a permanent piece of work, he did something more than a mere entering upon the strip in question. He took actual possession, though wrongfully, of the same, and brought it within the asserted boundary of his own land, proclaiming his dominion by the establishment of a physical barrier. If he ·had been sued in ejectment, could he under such state of facts have denied the possession, or under an issue on a disclaimer have escaped the payment of costs? We think not. His entering upon, and setting up the fence as shown in the evidence, if a trespass, was a continuing trespass. When he stopped work for the purpose of going to his house for his dinner he was still in the actual possession of the strip in controversy, and his return to work upon the fence was no *re-entry* upon the strip, but only a continuation of the actual possession he had already assumed. It follows from this view of the case, that the written charge requested by the defendant should have been given, and the trial court, therefore, erred in its refusal. If the indictment had been found under the second clause of the statute, a conviction might have been well supported on the undisputed evidence in the case. The amendment, which was introduced into the statute by the act of December 3, 1896, was doubtless intended to meet such conditions as are presented in the present case.

For the error pointed out the judgment of the trial court must be reversed, and the cause remanded.

Reversed and remanded.