# Randle v. The State.

## Trespass After Warning.

(Decided May 14, 1908.  46 South. 759.)

1. *Trespass; Criminal; Affidavit.*—An affidavit for trespass after warning, under section 5606, Code 1896, which alleges "that the offense of trespass in the premises of H. after warning had been committed in L. county, and charging Henry Randle with the commission thereof" is good against demurrer that it charges no offense; that it fails to show whose premises were trespassed upon; that it failed to show whether the offense was committed under the 1st or 2nd clause of the Act, or because of the failure to state what time the warning was given.

2. *Same; Defenses.*—Where the prosecutrix was in actual possession of the premises several years prior to the alleged trespass, the

fact that the house on the premises was vacant and unoccupied at the time of the trespass, and that the defendant entered under an alleged claim of purchase from a third party cannot be shown in justification of the trespass, as it was his duty to quit the premises when requested to do so by the party in possession.

APPEAL from Lee Law and Equity Court.

Heard before Hon. ALBERT E. BARNETT.

Henry Randle was convicted of trespass after warning, and he appeals. Affirmed.

The amended affidavit in this case was in the following language: "Before me, A. E. Barnett, judge of the Lee county court of law and equity, personally came Clara E. Holland, who, being duly sworn, deposes and says that the offense of trespass in the premises of Clara E. Holland after warning had been committed in Lee county, Alabama, and she charges Henry Randle with the commission thereof." The following demurrers were filed: "It charges no offense. It fails to show whose premises were trespassed upon. It fails to show whether said trespass was committed under the first or second clause of section 5606 of the Code. It fails to show when or within what time said warning was given. It fails to show with sufficient certainty where said premises are located." The defendant offered in evidence a paper writing purporting to be a deed from Mary Mills to defendant, conveying to him the land therein described for the purpose of showing title in defendant to the land alleged to have been trespassed upon. On objection by the state the court declined to permit its introduction in evidence.

GEORGE P. HARRISON, for appellant. The demurrer to the affidavit should have been sustained.—*Watson v. The State*, 63 Ala. 19. There must be a warning first and an entry afterwards.—*Goldsmith v. The State*, 86 Ala. 55. Even a wrongdoer in actual possession cannot

[Randle v. The State.]

be warned off and proceeded against under the statute. —*Watson v. The State, supra; Goldsmith v. The State, supra.* A party in possession of any portion of the land claimed title thereto cannot be lawfully prosecuted for continuing in possession after warning not to do so.— *McLeod v. McLeod,* 73 Ala. 42; *Bohanan v. The State,* 73 Ala. 47; *Matthews v. The State,* 81 Ala. 66.

ALEXANDER M. GARBER, Attorney-General, and SAMFORD & DUKE, for the State. This court is without jurisdiction to hear this cause.—*Ex parte Knight,* 61 Ala. 483. The warning may be verbal or written and need not particularly describe the premises.—*Watson v. The State,* 63 Ala. 19; *Harper v. The State,* 109 Ala. 28; *Owens v. The State,* 74 Ala. 401. It is competent for prosecutor to testify that he was in possession of the land trespassed upon.—*Higdon v. Kennemar,* 112 Ala. 351; *Wright v. The State,* 136 Ala. 139. If prosecutrix was in possession it is no defense that defendant had the superior title.—*Wright v. The State, supra,* nor is the fact that defendant had legal title a defense where the prosecutrix was in possession.—*Lawson v. The State,* 100 Ala. 7; *Burkes v. The State,* 117 Ala. 148; *Withers v. The State,* 117 Ala. 89.

DOWDELL, J.—The defendant was tried on affidavit and warrant, without the intervention of a jury, by the Lee county court of law and equity. The affidavit was made before, and the warrant issued by, the judge of said court. Demurrer to the affidavit as amended was overruled by the court, and it is here urged that the action of the court in this respect was erroneous. The affidavit was amended, and, as the same appears of record, was unobjectionable. See *Watson's Case,* 63 Ala. 19. The defendant was prosecuted under section 5606 of the

Criminal Code of 1896. That which is made an offense by this statute is by the statute designated in the caption as "trespass after warning." This name or designation is applied, whether the act complained of comes under the first or second clause of the statute. By section 4600 of the Code, it is sufficient in the affidavit to designate the misdemeanor by name.

For several years prior and up to the time that the defendant entered upon the premises, the prosecutrix had actual possession. The fact that the house on the premises was vacant and unoccupied at the time the defendant entered did not justify the defendant's entry under an alleged claim of purchase from a third party, and it was his duty to quit the premises when so requested by the prosecutrix, and his failure and refusal to do so was a violation of the statute.

The court committed no error in refusing to permit the defendant to introduce his alleged claim of title to the land.—*Wright v. State,* 136 Ala. 139, 34 South. 233. A change was wrought in the statute, when brought forward from the Code of 1886, then section 3874, into the Criminal Code of 1896, as section 5606. By this change the second clause in the statute was introduced, whereby it was made penal, where the party entered on the premises without having been warned not to do so, but failed or refused to leave after having been ordered or requestto do so. This change was made in the statute since the cases of *McLeod v. McLeod,* 73 Ala. 42, *Bohannon v. State,* 73 Ala. 47; *Matthews v. State,* 81 Ala. 66, 1 South. 43, and *Goldsmith v. State,* 86 Ala. 55, 5 South. 480, cited by appellant, and doubtless the change was brought about by reason of the decision in these cases.

We find no error in the record, and the judgment appealed from will be affirmed.

Affirmed.

[Thomas v. The State.]

TYSON, C. J., and ANDERSON and MCCLELLAN, JJ., concur.