# Merchants' Bank *v.* Acme Lumber & Manufacturing Co.

## *Assumpsit.*

(Decided Dec. 1, 1910.  54 South. 58.)

1. *Principal and Agent; Evidence; Jury Question.*—Whether or not the contractor for the building was the owner's agent in approving bills for the material furnished, is, under the evidence in this case a question for the jury.

2. *Same; Termination of Agency.*—In an action to recover for materials furnished where the defendant made its contractor its agent to approve the bills for materials, so that the same might be paid to plaintiff, the finishing of the building and the conclusion of the building contract did not terminate the agency of the contractor for the purpose of approving bills, if the lumber was furnished for and used by him in accordance with his and the plaintiff's agreement with the defendant.

3. *Witnesses; Competency; Knowledge.*—Where the agent testified on direct examination as to the correctness of the account, the fact that on cross examination he said that he did not load or superintend the shipping of the material in suit and did not personally know that all the material was delivered, or that the account was correct but that he saw the material on the ground and could identify it in the building, did not render his testimony as to the correctness of the account inadmissible.

4. *Evidence; Self Serving Declarations; Agents.*—Where the action was to recover for lumber and the defense sought to be set up, with the agent's consent, was recoupment of damages suffered by the agent on account of delay in delivery, and there was evidence as to the purchase by the contractor as defendant's agent, the assent of the agent to the itemized accounts of the plaintiff, is admissible against the defendant.

5. *Appeal and Error; Harmless Error; Instructions.*—Where the action was for materials furnished for a building, and the defendant's contention was that they were furnished to its contractor, the giving of a charge at plaintiff's request that if the materials furnished were sold by plaintiff to the defendant, and that all credit therefor was extended to the defendant, then the statute of frauds has no application to the transaction, was harmless to the defendant, although the charge may be said to be abstract; the giving of an abstract charge does not require a reversal unless the charge is both abstract and immaterial, and it is manifest that the jury has been misled by it to the prejudice of the party complaining.

APPEAL from Lauderdale Circuit Court.

Heard before Hon. JOHN L. HUGHSTON, Special Judge.

Assumpsit by the Acme Lumber & Manufacturing Company against the Merchants' Bank. Judgment for plaintiff, and defendant appeals. Affirmed.

For the pleadings and some of the facts, see the former appeal in this case, found in 160 Ala. 435, 49 South. 782. The facts in this case are sufficiently set out in the opinion. Charge 1, given for the plaintiff, is as follows: "If the jury believe from the evidence that the lumber and material furnished, as shown by the bill, were sold by the Acme Lumber & Manufacturing Company to the Merchants' Bank, and that all credit therefor was extended to the Merchants' Bank, then the statute of frauds has no application to the transaction, and your verdict should be for the plaintiff."

KIRK, CARMICHAEL & RATHER, and W. H. MITCHELL, for appellant. For a former report of this case, see 160 Ala. 435. The court erred in permitting the account to be offered in evidence as it was not under the evidence a stated account, nor had there been any competent evidence offered as to the correctness of the items. It is not within the scope of an agent's authority to bind his principal by admissions and declarations having reference to bygone transactions.—*Dana L. & L. Co. v. Stonewall I. Co.,* 77 Ala. 1894; *Stanton v. Bair L. Co.,* 132 Ala. 635. The court erred in giving charge 1, as there was no plea of the statute of frauds, and in fact, the statute of frauds has no application to this case.—*Files v. McLeod,* 14 Ala. 611; *Woodruff v. Scaife,* 83 Ala. 152; *Aultman v. Fletcher,* 110 Ala. 456.

C. E. JORDAN, and GEORGE P. JONES, for appellee. Counsel discuss errors relative to evidence, but without citation of authority. They insist that there was no error in the charges given, and in support thereof cite

the following authority: *Pepper v. Lee,* 53 Ala. 34; *Carter v. Chambers,* 79 Ala. 223; *Ray v. Jackson,* 90 Ala. 513; *Schaungut v. Udell,* 93 Ala. 302; *Goldsmith v. McCaferty,* 101 Ala. 663.

MAYFIELD, J.—Appellee lumber company sued appellant bank, on the common counts, for goods and merchandise on account, and on account stated. The basis of the action was that appellant contracted with one Ambrose to erect for it a bank building, Ambrose to furnish all materials, and to do all the work necessary to its construction in accordance with the contract. The appellee, plaintiff below, claims that under a contract with Ambrose and an arrangement with appellant bank, it furnished the lumber, or part thereof, for the construction of the building, and that the bank owes it (the lumber company) for the lumber so furnished. It was ruled by this court on a former appeal of this case (160 Ala. 435, 49 South. 782) that the action would lie, and that the defendant bank, with the consent of Ambrose, could recoup the damages suffered by Ambrose in the breach of the contract to furnish the lumber which was to be used in the construction of the bank building. Such pleas were interposed by the defendant, and the case was tried upon the general issue and these and other special pleas; and resulted in a judgment for the plaintiff lumber company, from which judgment the defendant bank appeals.

According to the theory of the plaintiff and the tendency of its evidence, the bank agreed to pay the bills for lumber furnished by plaintiff to Ambrose and used in the construction of the bank building, when such bills were approved or O. K.'d by Ambrose. Plaintiff's evidence tended to show that the bank insisted or desired that the bills be O. K.'d by Ambrose, so that the

bank could keep its account straight with Ambrose; that the bank agreed to make payments at the end of each month on Ambrose's O. K.; that plaintiff's agent and Ambrose subsequently went to see the president of the bank, as to the payment of these bills; that at this time the president of the bank agreed that the bank would pay 65 per cent. of the bills when O. K.'d by Ambrose, and would pay as the building progressed, and pay the balance when the building was completed. The evidence of the defendant tended to contradict this, of course. The evidence all showed that the bills, as was claimed, were all O. K.'d by Ambrose; but the bank insists that it was not bound thereby, because Ambrose was not its agent for that purpose and did not represent the bank, in any wise, in the matter. This, of course, depended upon which phase of the evidence the jury should believe; that of the plaintiff or that of the defendant. It is true that Ambrose testified on the trial that he was not the agent of the bank, for this or any other purpose; but this was not conclusive upon the plaintiff lumber company nor upon the jury. Under all the evidence in this case it was a question for the jury whether or not he was the agent for the bank in approving the bills in question.

The trial court did not err in declining to exclude the testimony of the witness, Richardson, the agent for the plaintiff, on his direct examination. The witness had testified as to the correctness of the account in suit on his direct examination. On the cross he admitted that he did not load or superintend the shipping of the lumber, and that he did not personally know that all of it was delivered or that the account was correct; but that he did, on several occasions, see the lumber on the ground at the bank, and that he could point out, in the building, the material that was furnished by the plain-

tiff. This was certainly sufficient to carry the question to the jury.

The court did not err in allowing the witness Richardson to testify that Ambrose assented to the correctness of the itemized account presented to him by witness, which was the basis of the suit. There was evidence tending to show that the bank had requested that Ambrose O. K. the bills, and that it did not agree to pay until they were so O. K.'d by him, and that this was for the purpose of enabling the bank to keep its account straight with Ambrose. In ,fact, all the evidence shows that the bills had to be O. K.'d by Ambrose, and this was all that the evidence tended to prove. The bank had virtually set up this very fact in some of its pleas. These pleas alleged, in substance, that Ambrose purchased the lumber which is sued for, and that, by reason of delay in the delivery of it, and because of the inferior quality of a large part of that furnished, Ambrose had suffered damages, which damages the bank, by and with the consent of Ambrose, offers to set off or recoup against the recovery sought in the complaint. The bank seeking in this action thus to recoup the damages suffered by Ambrose, his admissions or statements as to the matter in controversy would be admissible against the bank upon this issue, if on. no other.

As before stated, however, there was evidence which tended to show that the bank had made Ambrose its agent for the express purpose of approving these particular bills, in order that it could pay the amounts to plaintiff. If this was true, it was wholly immaterial whether he had finished the building, and concluded his contract with the bank, at the time of approving the bills. Finishing the building did not terminate his agency for the purpose of approving the bills, if the lumber was furnished for, and used by him in, the

bank's building, in accordance with his and the plaintiff's agreement with the bank.

There was no error in giving charge 1, requested by the plaintiff. It is conceded that it states a correct proposition of law, but it is insisted that it was abstract, and that it was therefore error to give it. Counsel differ as to whether it was abstract or not. It is immaterial whether it was so or not; we can see no possible injury which could have resulted from the giving of it, and in the absence of injury we will not reverse for the giving of a charge merely because it is abstract. The giving of abstract charges is not necessarily reversible error.

It was said by McClellan, J., in the case of *Goldsmith v. McCafferty,* 101 Ala. 663, 670, 15 South. 244, that it is very rare that the giving of an abstract charge requires the reversal of a judgment. But, if the charge is both abstract and misleading, and it is manifest that the jury has been misled by it, to the prejudice of the appellant, the judgment should be reversed.

These being the only errors insisted upon, and none reversible appearing, the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and McCLELLAN, JJ., concur.