# Hendley v. The State.

*Tresspass After Warning.*

(Decided Feb. 8, 1912. Rehearing denied Feb. 22, 1912.
57 South. 1017.)

1. *Trial; Objections to Evidence.*—As against a general objection questions to a witness as to what accused was doing, and as to what the prosecutor then did, are properly allowed as being capable of eliciting legal evidence.

2. *Trespass; Trespass After Warning; Criminal Responsibility.*— Where a person acquired actual possession of a strip of land under a claim of ownership before notice by an adjacent owner not to trespass thereon, a subsequent entry on the strip, though a trespass, was a continuing trespass under the possession previously acquired, and not a re-entry after warning which is essential to support a conviction for trespass after warning.

3. *Same.*—In a prosecution for trespass after warning, testimony that the defendant made no claim to possession of the strip trespassed on before the warning, but at that time recognized the possession of the prosecutor and that the prosecutor was in possession of the strip trespassed on, warranted a conviction, although the defendant showed actual possession of the strip before the warning.

4. *Same; Instruction.*—A charge asserting that if at the time of the warning defendant was in possession, cutting and removing timber from the land, he must be acquitted, though he was a trespasser, was properly refused as leading the jury to believe that the act of the defendant in cutting and removing the timber constituted an actual possession asserted in good faith.

5. *Charge of Court; Unintelligible Instruction.*—Where a charge uses the word "defendant" where some other person is intended, probably the prosecutor, it is properly refused as being unintelligible.

6. *Same; Invading Province of Jury.*—A charge asserting that if the jury believe the evidence the prosecutor had not shown title at the time of the warning and entry on the premises by accused, was properly refused as invading the province of the jury.

APPEAL from Andalusia City Court.

Heard before Hon. R. H. JONES.

Andrew Hendley was convicted of trespass after warning, and he appeals.　Affirmed.

The facts sufficiently appear in the opinion of the court.　The following charges were refused to the defendant:　(3) "In no event can you find the defendant guilty, unless he had actual possession of the land involved in this case at the time of the alleged notices, and at the time of the alleged entry by the defendant." (A—2) "If you believe the evidence, there is no title shown to the property in question on the part of the prosecuting witness at the time of the alleged warning and entry on the premises as shown." (A—3) "If you believe the evidence, the state has not shown any legal title in the prosecuting witness, Mancil, to the land in question." (A—5) "If you believe the evidence, the defendant was in possession of the land in question on the 5th and 6th day of July, 1909." (G) "If you believe the evidence in this case, the prosecuting witness in this case was not in possession of the land in question at the time of the giving of the alleged notice by the prosecutor to the defendant." (D) "If, from all the evidence in this case, you are reasonably satisfied that, at the time of giving the alleged notice to the defendant, the defendant was in possession of the land in question, cutting and removing the timber therefrom, then you cannot find the defendant guilty as charged, although he may have been a trespasser upon the lands at the time." (E) "If, from all the evidence in this case, you are reasonably satisfied that at the time of the giving of the notice to the defendant, as insisted by the

state, the defendant was then engaged in cutting or removing timber. or logs from the land in question, then you will find the defendant not guilty."

A. WHALEY, for appellant. The defendant under the whole evidence was not guilty, and the court should have granted the motion to have excluded all the evidence, and having failed to do that, should have given the charges requested.—*Brunson v. The State,* 140 Ala. 201; *Watson v. The State,* 63 Ala. 23; *Goldsmith v. The State,* 86 Ala. 55; *Matthews v. The State,* 81 Ala. 66; *Bohanon v. The State,* 73 Ala. _7; *McLeod v. McLeod,* 73 Ala. 42.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The court properly denied the motion to exclude the evidence, and properly overruled the objections interposed to the evidence.—*Washington v. The State,* 106 Ala. 58; *Gunter v. The State,* 111 Ala. 23. Charges 1 and 2 were properly refused.—*Turner v. The State,* 97 Ala. 57. Charge 3 was properly refused.—Sec. 7827, Code 1907.

PELHAM, J.—The appellant was tried and convicted for trespass after warning. The case was tried in the city court, before a jury, on an affidavit made before the clerk of the court by Lawson Mancil, charging the defendant with having trespassed on the premises of the affiant after having been warned within six months preceding not to do so.

Mancil and defendant were in possession of and owned adjoining lands; the defendant's land lying west of Mancil's. An "old line" had been recognized as the dividing line; but the defendant, Hendley, had the county surveyor make another survey, and by this sur-

vey the "new line" was located some 40 yards east of the "old line." The alleged trespass was committed by Hendley going on a strip of woodland between the two lines and cutting timber. The evidence was in conflict about the establishment of the new line. Mancil testified that he received no notice of the survey, and did not know of it until afterwards. The evidence was also in conflict as to who was in possession of the strip of land in question, and as to the notice having been given. The evidence for the state tended to show that the old line had been recognized by both of the parties; that Mancil was in possession of the premises in question; and that the requisite warning was given the defendant, who did not at that time claim to own or be in possession of the strip of land, but that on the next day after receiving notice the defendant went upon the strip of land and cut and removed timber from it. The defendant introduced testimony tending to show ownership and possession of the strip of land on which the alleged trespass was committed.

The court's rulings on the evidence are free from error. The question asked the prosecuting witness, Mancil, about the land he owned, and where it was located was preliminary to the question leading up to the proof by the witness of his possession of the premises on which the alleged trespass was committed. The questions asked this witness, having reference to the occasion of the alleged trespass: "What was the defendant doing?" "What did you do then?" were capable of eliciting legal evidence, and were properly admitted, as against the general objection interposed by the defendant.—*Washington v. State*, 106 Ala. 58, 17 South. 546; *Gunter v. State*, 111 Ala. 23, 28, 20 South. 632, 56 Am. St. Rep. 17.

The defendant's motion to exclude the evidence was properly refused, as also the general charge requested in writing by defendant. It is true that, if the defendant had acquired actual possession of the strip under claim of ownership before the notice not to trespass was given, his subsequent entry, even though a trespass, would be deemed a continuing trespass under the possession previously acquired, and not a re-entry after warning not to trespass, making him subject to this presecution for a trespass *after* warning.—*Brunson v. State*, 140 Ala. 201, 37 South. 197. The evidence however, on this point was in conflict, if, indeed, the testimony offered in behalf of the defendant can be said to have shown an actual possession by him of the strip in controversy before the notice was given. The prosecuting witness, Mancil, testified that the defendant made no claim to possession of the strip between the two lines before he gave him the notice; but, on the contrary, that the defendant at that time recognized the old line and his (Mancil's) possession up to that line. This witness further testified that he was in possession of the premises in controversy, having a fence on the old line, both above and below the strip alleged to have been trespassed upon.

Charge No. 3 is confused and faulty in language. It uses the word "defendant" where some other word is intended—prosecuting witness, probably, it would seem; but, as written, the charge is not intelligible.

Charges A—2, A—3, A—5, and G are charges on the weight of the evidence, and invade the province of the jury.

Charge D does not predicate an *actual* possession of the premises by the defendant at the time notice was given, or possession under bona fide claim of ownership, claiming against Mancil, from whom the notice pro-

ceeded. As written, the charge is calculated to impress the jury with the belief that the defendant merely being on the land, cutting timber, would constitute a sufficient possession.—*Watson v. State,* 63 Ala. 23; *Brunson v. State,* 140 Ala. 201, 37 South. 197.

Charge E is faulty for the same reasons as pointed out in discussing charge D. Given charge A—1, as applicable to the evidence, substantially covers charges D and E, and is probably more favorable to the defendant than justifiable under the correct rules of law.

There being no error shown by the record, the case will be affirmed.

Affirmed.